**ADR**

SALLY BURKHART
As Personal Representative of
The Estate of David Burkhart
483 Nottingham Way
Campbell, California 95008

FILED

2007 OCT 26  A 10: 31

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
SI
3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DAVID BURKHART, by and through Sally A. Burkhart, as the personal representative<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and DOES 1 TO 50, inclusive<br><br>Defendants. | Case No.: C07 05467 JCS<br><br>COMPLAINT FOR MEDICAL MALPRACTICE, ELDER ABUSE AND NEGLIGENCE<br><br>Demand for Jury Trial |

## I. INTRODUCTION

1.    David Burkhart ("Decedent") died while under the medical care of the United States Department of Veterans Affairs. This action was brought on behalf of all interested parties of his estate, by and through his widow, Sally A. Burkhart, ("Plaintiff").

2.    This action is brought in response to the denial of an administrative tort claim filed by Sally A. Burkhart. The denial issued by the Department of Veterans Affairs was dated on or about April, 2007.

1

COMPLAINT

## II. JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this claim due to the fact that the defendant is an executive branch of the Government of the United States; pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); Federal Tort Claims Act §§ 1326(b) and 2671-2680, title 28, United States Code; and Due Process Clause of the United States Constitution; .

4.  An administrative tort claim was filed by Plaintiff with the Department of Veterans Affairs pursuant to the Federal Tort Claims Act §§ 1326(b) and 2671-2680, title 28, United States Code. Plaintiff met all requirements of the administrative tort claim process. The administrative tort claim was denied by the Department of Veterans Affairs on or about April, 2007.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e) because defendants are officers, agents or employees of agencies of the United States acting in their official capacities; Decedent resided in this district; because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction; and because no real property is involved in this action.

## III. PARTIES

6.  Defendant United States Department of Veterans Affairs ("VA") is an executive agency of the United States Government.

7.  DOE DEFENDANTS 1-50 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs, except that they are connected in some manner with the Defendant named herein and/or were the agents, employees, directors, officers, representatives, partners, licensees, licensors, or professional corporations of Defendant named herein and/or were in some manner presently unknown to Plaintiff engaged in some activities alleged herein and/or were in some manner or in some degree responsible for the

2

COMPLAINT

injuries and/or damages to Plaintiff alleged herein, and Plaintiff hereby prays for leave to certify their true names, identities, capacities, activities, and/or responsibilities when the same are ascertained.

8.  The Decedent was a resident of San Jose, California at the time the events in this claim took place. Decedent was eligible to receive medical benefits from the VA. Decedent was a medical patient in the VA facilities during October 2003 and placed in their care and located in the Palo Alto, Menlo Park and Livermore, California facilities.

9.  Decedent suffered a variety of harms as a result of defendants actions and died on October 26, 2003 while under the care of the VA at the Livermore, California facility.

10. At the time of the death of Decedent his family included four immediate living relatives, his wife Sally A. Burkhart; his three adult children, David T. Burkhart, William M. Burkhart and Lisa A. Haran; and six grandchildren.

## IV.    FACTUAL BACKGROUND

11. Decedent was born November 14, 1931. He served in the United States Army from August 27, 1952 through July 8, 1954 when he received an honorable discharge. During Decedent's service he received a Good Conduct Medal, Combat Infantry Badge, Korean Service Medal with two Bronze Service Stars, U.N. Service Medal and the National Defense Service Medal.

12. Decedent sought medical health care at the VA starting a number of years prior to his death. Decedent's health care was initially administered through the VA facilities located in Martinez, California and San Jose, California.

13. The VA medical facilities cared for Decedent for a number of years prior to his death and accumulated a number of years worth of medical records on Decedent. Said medical records documented a long history of Decedent's physical and mental health.

3

COMPLAINT

14. In September 2002 Decedent was admitted to the VA Menlo Park hospital facility with medical problems and was prescribed a medication that caused decedent to have an allergic reaction which caused cardiac arrest. Prior to this admittance the VA medical records of Decedent showed susceptibility to said allergic reaction.

15. Following the allergic reaction of Decedent in September 2002 he was transported to the VA Palo Alto Hospital facility where the medication causing the allergic reaction was pumped out of Decedent's body. After Decedent stayed in the VA Palo Alto Hospital facility a number of days he was transferred to a private nursing facility in San Jose, California.

16. Decedent was transferred by the VA in September 2002 to the private nursing in an unstable condition. Only after a few days stay at the private nursing home facility Decedent was transferred to the Good Samaritan Hospital located in San Jose, California. Decedent was admitted to Good Samaritan Hospital in cardiac arrest.

17. In or about the Summer of 2003 Decedent was driven to the VA Palo Alto Hospital facility with medical concerns and was admitted to the facility medical care for about a week. Following that hospital visit he returned home.

18. In or about September 2003 Decedent was driven to the VA Palo Alto Hospital facility with medical concerns and was refused admission. Decedent returned home at 11:30 p.m. after being denied admission to the VA Palo Alto Hospital facility. Decedent's mobility was highly limited at that time and he could not move under his own strength.

19. Three days after being refused admission at the VA Palo Alto Hospital facility in September 2003 Decedent was transferred in the VA transportation van to the VA Palo Alto Hospital and was admitted stay at the facility with medical problems.

20. After Decedent was admitted and medically examined at the VA Palo Alto Hospital representatives of the VA told Sally Burkhart that Decedent would not be allowed to stay in the hospital facility. Sally Burkhart requested that Decedent be able to stay at the facility until a lift

4

COMPLAINT

could be installed in his home to assist Decedent with mobility in and out of bed. Representatives at the VA Palo Alto Hospital told Sally Burkhart that Decedent would not be allowed to stay in the VA Palo Alto Hospital facility until the lift could be installed at home.

21. Following Decedent's admission to the VA Palo Alto Hospital he was prescribed a sedative to allow him to be transported without his permission to the VA Livermore facility.

22. Sally Burkhart visited Decedent immediately following his transport to the VA Livermore facility. Sally Burkhart observed that Decedent was in worse shape than when she last saw him and spoke to him on the telephone in the VA Palo Alto facility. Decedent seemed sicker, cold, clammy, pale and had a poor appetite. Decedent was throwing up food and lost weight while at the VA Livermore facility.

23. At some point Decedent was transferred to hospice care at the VA Livermore facility.

24. On October 26, 2003 Decedent was found dead in his bed at the VA Livermore facility.

25. Sally Burkhart filed an administrative tort claim on behalf of herself and the Estate of David Burkhart on October 11, 2005. Said claim stated that Decedent's death was the result of misdiagnosed medical treatment and lack of providing the appropriate standard of medical care.

## V. CLAIMS FOR RELIEF

### Count I – Federal Tort Claims Act (§§ 1326(b) and 2671-2680)

### Medical Malpractice

26. Plaintiff incorporates the allegations of paragraphs 1 through 25 as though fully set forth herein.

27. As described above, Decedent relied upon the VA for medical health care benefits over a number of years.

5

COMPLAINT

28. Decedent suffered personal injury, pain and suffering and death due to a failure to diagnose the appropriate medical treatment and a failure to provide an acceptable standard of medical care.

29. Decedent's immediate family suffered a loss of consortium and companionship as a direct result of the decline in health and resulting death of Decedent.

### Count II – Elder Neglect (CA Welfare and Institution Code §15610.57 )

30. Plaintiff incorporates the allegations of paragraphs 1 through 25 as though fully set forth herein.

31. As described above, Decedent relied upon the VA for medical health care benefits over a number of years. At the time of his death Decedent was age seventy-one.

32. Defendants failed to provide appropriate diagnosis of medical treatment and a failed to provide an acceptable standard of medical care for physical and mental health needs of Decedent.

33. Defendants also failed to prevent malnutrition or dehydration of Decedent while under the VA care.

34. Decedent suffered personal injury, pain and suffering and death due to a failure to diagnose the appropriate medical treatment and a failure to provide an acceptable standard of medical care.

35. Decedent's immediate family suffered a loss of consortium and companionship as a direct result of the decline in health and resulting death of Decedent.

### Count III – Federal Tort Claims Act (§§ 1326(b) and 2671-2680)
### Negligence

36. Plaintiff incorporates the allegations of paragraphs 1 through 25 as though fully set

6

COMPLAINT

forth herein.

37. As described above, Defendants had a duty to provide Decedent with the appropriate level of medical care.

38. Decedent relied upon the VA for medical health care benefits over a number of years. At the time of his death Decedent was age seventy-one.

39. As described above, Defendants breach their duty to provide the appropriate medical care to Decedent.

40. Decedent relied upon the VA for medical health care benefits over a number of years. At the time of his death Decedent was age seventy-one.

41. As a result of Defendant's breach of duty of care Decedent suffered personal injury, pain and suffering and death.

42. Decedent's immediate family suffered a loss of consortium and companionship as a direct result of the decline in health and resulting death of Decedent.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For damages suffered by Decedent for personal injury according to proof;

2. For damages suffered by Decedent for pain and suffering according to proof;

3. For damages suffered by Decedent for death according to proof;

4. For damages suffered by Decedent's immediate family for loss of consortium and companionship according to proof;

5. For attorney's fees in an amount to be determined according to proof;

6. For costs and suit according to proof and as court deems necessary

7. For prejudgment interest and post-judgment interest according to law; and

8. For such other and further relief as the court may deem proper.

Dated: October 25, 2007

*Sally Burkhart*
SALLY BURKHART
As Personal Representative of
The Estate of David Burkhart

COMPLAINT

8