JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile: (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTATE OF DAVID BURKHART,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | No. C 07-5467 PJH<br><br>**DEFENDANT'S CASE MANAGEMENT STATEMENT**<br><br>Date: March 6, 2008<br>Time: 2:30 p.m.<br>Location: Courtroom 3, 17th Fl.<br><br>Honorable Phyllis J. Hamilton |

Pursuant to Civil Local Rule L.R.16-9, which permits parties to file separate case management statements if one of the parties is not represented by counsel, defendant submits this Case Management Statement and Federal Rule of Civil Procedure 26(f) report.

1. Jurisdiction and Service

Plaintiff completed service of the complaint on or about February 13, 2008. Defendant Department of Veterans Affairs ("VA") is not a proper party because plaintiff's exclusive remedy against the federal government is to name the United States in this Federal Tort Claims Act case. Defendant disputes jurisdiction over the California's Elder Abuse and Dependent Adult Civil Protection Act claim. Defendant has not yet answered the complaint.

///

2. Facts

Plaintiff filed this action on or about October 26, 2007, alleging medical malpractice, negligence, and violation of California's Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welfl. & Instit. Code § 15610.57 arising from treatment received at the VA Palo Alto Health Care System by 71-year old veteran David Burkhart.

Around September 23, 2003 to September 29, 2003, Mr. Burkhart was a patient at the VA Palo Alto hospital. He was then transferred to the VA Palo Alto Health Care System, Livermore Division, Nursing Home Care Unit ("Livermore NHCU") to allow the family time to locate an appropriate skilled nursing home for Mr. Burkhart's placement. Mr. Burkhart was ineligible for permanent placement in the VA's nursing home. Mr. Burkhart died in bed on the night of October 26, 2003 from a heart attack at the Livermore NHCU. At the time of his death, Mr. Burkhart had coronary artery disease, congestive heart failure, multi-infarct dementia (deterioration in mental function caused by strokes), diabetes mellitus, hypertension, and osteomyelitis (an infection in the bone or bone marrow).

Plaintiff is the Estate of David Burkhart, as represented by Mr. Burkhart's wife, Sally A. Burkhart. Plaintiff alleges that VA medical personnel committed malpractice in their treatment of Mr. Burkhart by failing to properly diagnose and treat plaintiff. Plaintiff appears to allege both a survivor and wrongful death cause of action.

Mr. Burkhart had three adult children, including David T. Burkhart, who had the Durable Power of Attorney for Health Care for Mr. Burkhart.

3. Legal Issues

a. Is the Department of Veterans Affairs a proper defendant?
b. Are there additional parties who must or should be joined?
c. Whether plaintiff can assert a claim of violation of California's Elder Abuse and Dependent Adult Civil Protection Act against defendant?
d. Whether plaintiff can recover damages for pain and suffering in a survivor action?
e. Whether plaintiff be able to carry its burden of proof to show duty, breach of duty, proximate cause, and damages?

4. Motions

If plaintiff will not add all surviving heirs as parties, defendant will move to dismiss under Rule 12(b)(7).[1] Defendant's research is ongoing, but defendant plans to file a motion to dismiss plaintiff's claim of violation of the Elder Abuse and Dependent Adult Civil Protection Act and survivor claim under Rule12(b)(6).

Following expert consultation, defendant may move for summary judgment or adjudication of issues under Rule 56.

5. Amendment to the Pleadings

Defendant's research is ongoing, but it appears that as Mr. Burkhart's heirs must be added as parties under Rule 19, because they are necessary, indispensible parties to this action. The additional heirs are necessary, indispensible parties because the wrongful death action under California law belongs to all the heirs of the decedent. Rule 19 requires joinder of indispensable parties in order to provide "complete relief" to all parties. In order to provide "complete relief" and avoid piecemeal litigation, all heirs must be added to this action. Defendant's research is ongoing, but it appears that the pleadings must be amended to allege that Ms. Burkhart is the administrator of Mr. Burkhart's estate and has authority to bring a survivor claim.

6. Evidence Preservation

Defendant is taking, and will continue to take, all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit.

7. Disclosures

The parties have agreed to make Rule 26 initial disclosures 14 days following the date of the Case Management Conference.

8. Discovery

On February 27, 2008, the parties discussed discovery in this case. Defendant requests no departure from the discovery rules set forth in the Federal Rules of Civil Procedure and Civil Local Rules, including the 25-interrogatory limit under Rule 33 and 10-deposition limit under

---

[1] Unless otherwise stated, "Rule" refers to Federal Rule of Civil Procedure.

Rule 30. At this time, defendant anticipates taking discovery on the following subjects: the circumstances giving rise to Mr. Burkhart's heart attack on October 26, 2003; the medical care provided by the VA to Mr. Burkhart; and the claims of damages asserted by plaintiff. To that end, defendant anticipates propounding interrogatories, requests for admission, and requests for production of documents, and anticipates deposing plaintiff and the witnesses that may be identified in plaintiff's initial disclosures. Defendant may designate experts in this case.

9. Class Actions

Not applicable.

10. Related Cases

None known.

11. Relief Sought

Plaintiff seeks damages suffered by Mr. Burkhart for personal injury, pain and suffering and death. Plaintiff also seeks damages for Mr. Burkhart's "immediate family" for loss of consortium and companionship. (In her underlying administrative claim, Ms. Burkhart requested $2,000,000.)

Defendant United States seeks dismissal or a judgment in its favor.

12. Settlement and ADR

The parties have agreed to attend mediation through the Court's ADR department and/or settlement conference with a magistrate judge.

13. Consent to Magistrate Judge For All Purposes

Defendant does not consent.

14. Other References

None known.

15. Narrowing of Issues

None known at this time.

16. Expedited Schedule

Does not apply.

17. Scheduling

Defendant proposes the following dates:

| | |
|---|---|
| Completion of Fact Discovery: | October 31, 2008 |
| Expert Disclosure (identities and Rule 26 reports): | November 14, 2008 |
| Rebuttal expert disclosure: | December 2, 2008 |
| Completion of Expert discovery | December 23, 2008 |
| Last Hearing Date for Dispositive Motions: | February 25, 2009 |
| Pre-Trial Conference: | March 25, 2009 |
| Trial: | April 20, 2009 |

18. Trial

Estimated trial length is 5 days. Plaintiff is not entitled to a jury trial against the United States, according to 28 U.S.C. section 2402.

19. Disclosure of Non-Party Interested Entities or Persons

Defendant United States is exempt from this requirement because it is a governmental entity.

20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution

None known.

DATED: February 28, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_______/s/__________________
JENNIFER S WANG
Assistant United States Attorney
Attorneys for the United States of America

**[PROPOSED] ORDER**

The Court adopts the following case management schedule:

Dated:

______________________________
PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE