JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile:   (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTATE OF DAVID BURKHART,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | No. C 07-5467 PJH<br><br>**FEDERAL DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:  August 6, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Fl. |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NOTICE OF MOTION AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.  BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III. LEGAL STANDARDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.  Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction. . . . . . . . . . 3

        B.  Standard for Motion to Dismiss for Failure to State a Claim.. . . . . . . . . . . . . . . . . . 3

        C.  Standard for Motion to Dismiss for Failure to Add Necessary Parties. . . . . . . . . . . 4

    IV.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.  Claims By Plaintiff David Burkhart Should Be Dismissed. . . . . . . . . . . . . . . . . . . . 4

            1.  This Court Lacks Subject Matter Jurisdiction Over Mr. Burkhart's Claims. . . . . 4

            2.  No Cause of Action for Parental Loss of Consortium in California.. . . . . . . . . . . 6

        B.  Ms. Burkhart's Claims Should Be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            1.  Wrongful Death Claim Should be Dismissed Because the Decedents Heirs Have Not Been Joined. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            2.  This Court Lacks Subject Matter Jurisdiction Over Ms. Burkhart's Loss of Consortium Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C.  Survivor Claim By Decedent's Estate Should Be Dismissed. . . . . . . . . . . . . . . . . . 10

            1.  The Court Lacks Subject Matter Jurisdiction Over Survivor Claim.. . . . . . . . . . 10

            2.  Ms. Burkhart Lacks Standing to Assert Survivor Claim. . . . . . . . . . . . . . . . . . . 11

    V.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

Agae v. United States,
    125 F. Supp. 2d 1243 (D. Haw. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Allen v. County of Monterey,,
    2007 WL 1771521 (N.D. Cal. June 18, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . 9

Allen v. Veterans Admin.,
    749 F.2d 1386 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Ashoff v. City of Ukiah,
    130 F.3d 409 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Avila v. INS,
    731 F.2d 616 (9th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Behrens v. Donnelly,
    236 F.R.D. 509 (D. Haw. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Burns v. United States,
    765 F.2d 722 (9th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Chandler v. McMinnville Sch. District,
    978 F.2d 524 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conley v. Gibson,
    355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Dillard v. Curtis, Number C 04-1449 PJH,
    2004 U.S. Dist. LEXIS 22926 (N.D. Cal. 2004). . . . . . . . . . . . . . . . . . . . . . . 12

Disabled Rights Action Committee v. Las Vegas Events, Inc.,
    375 F.3d 861 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Frantz v. United States,
    791 F. Supp. 445 (D. Del. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Garcia v. Adams,
    2006 WL 403838 (E.D. Cal. Feb. 17, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 11

Gland v. United States,
    2003 WL 23094911 (E.D. Pa. Dec. 16, 2003). . . . . . . . . . . . . . . . . . . . . . . 9, 10

Jackson v. United States,
    558 F. Supp. 14 (D.D.C. 1982) *aff'd* 730 F.2d 808 (D.C. Cir. 1984). . . . . . . . . . . . . . . . 6

Johnson v. United States,
    704 F.2d 1431 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

Kokkonen v. Guardian Life Insurance Co. of America,
    511 U.S. 375 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Livera v. First National State Bank,
  879 F.2d 1186 (3d Cir. 1989)...................................................... 5

McNeil v. United States,
  508 U.S. 106 (1993)................................................................ 5

McShan v. Sherrill,
  283 F.2d 462 (9th Cir. 1960)...................................................... 4

Moreland v. Las Vegas Metropolitan Police Department,
  159 F.3d 365 (9th Cir. 1998)..................................................... 11

Morrison v. New Orleans Public Service Inc.,
  415 F.2d 419 (5th Cir. 1969)...................................................... 9

Muth v. United States,
  1 F.3d 246 (4th Cir. 1993)........................................................ 5

Northrop Corp. v. McDonnell Douglas Corp.,
  705 F.2d 1030 (9th Cir.1983)...................................................... 7

Rooney v. United States,
  634 F.2d 1238 (9th Ci. 1980)...................................................... 5

Rucker v. United States Department of Labor,
  798 F.2d 891 (6th Cir. 1986)...................................................... 6

Schnabel v. Lui,
  302 F.3d 1023 (9th Cir. 2002)..................................................... 7

Terracom v. Valley National Bank,
  49 F.3d 555 (9th Cir. 1995)....................................................... 4

White v. Lee, ,
  227 F.3d 1214 (9th Cir. 2001)..................................................... 3

Woods v. United States,
  720 F.2d 1451 (9th Cir. 1983)..................................................... 3

**STATE CASES**

Borer v. Amer. Airlines, Inc.,
  19 Cal. 3d 441 (1977)............................................................. 7

Cross v. Pac. Gas & Electric Co.,
  60 Cal. 2d 690 (1964)............................................................. 8

Elden v. Sheldon,
  46 Cal. 3d 267 (1988)............................................................. 9

Helling v. Lew,
  28 Cal. App. 3d 434 (1972)........................................................ 8

Horwich v. Superior Court,
  21 Cal. 4th 272 (1999)............................................................ 6

Quiroz v. Seventh Avenue Ctr.,
   140 Cal. App. 4th 1256 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Ruttenberg v. Ruttenberg,
   53 Cal. App. 4th 801 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

San Diego Gas & Elec. Co. v. Super. Court,
   146 Cal. App. 4th 1545, 1551 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES**

28 U.S.C. § 1346(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

28 U.S.C. § 2401(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 2675(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

28 U.S.C. § 2679. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 19(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATE STATUTES**

Cal. Civ. Proc. Code § 377.30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Cal. Civ. Proc. Code § 377.32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Cal. Civ. Proc. Code § 377.60. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 6, 2008, at 9:00 a.m. in Courtroom 3 located on the 17th Floor of 450 Golden Gate Avenue, San Francisco, California, defendant the United States of America will move this Court for an order dismissing the complaint for lack of subject matter jurisdiction, failure to state a claim, and failure to join necessary parties, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7).  This motion is based on this notice, the following memorandum of points and authorities, the declaration of Lelia Tokuyama, the pleadings and papers on file in this action, the reply, and such oral argument as the Court may permit.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Civil L.R. 7-3(a), any opposition to this motion must be served and filed not less than 21 days before the hearing date.

## STATEMENT OF RELIEF REQUESTED

Defendant requests the following relief: (1) dismissal of plaintiff David T. Burkhart's claims with prejudice; (2) dismissal of plaintiff Sally Burkhart's loss of consortium claim with prejudice; (3) dismissal of plaintiff Sally Burkhart's wrongful death claim with leave to amend; (4) dismissal of plaintiff Estate of David Burkhart's survivor claims with prejudice.

## ISSUES TO BE DECIDED

1. Does this Court have subject matter jurisdiction over plaintiff David T. Burkhart's claims where he has failed to timely file an administrative claim prior to bringing the instant action?

2. Does California recognize a cause of action for loss of parental consortium?

3. Does this Court have subject matter jurisdiction over plaintiff Sally Burkhart's loss of consortium claim where she has failed to timely file an administrative claim providing regarding of that claim?

4. Are decedent David Burkhart's heirs necessary, indispensible parties who must be joined?

5. Does this Court have subject matter jurisdiction over plaintiff Estate of David Burkhart's survivor claims where no timely administrative claim has been filed?

6. Does plaintiff Sally Burkhart have standing to assert survivor claims on behalf of the Estate of David Burkhart?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This Federal Tort Claims Act ("FTCA") lawsuit arises from the death of David Burkhart ("decedent"). Plaintiffs David T. Burkhart ("Mr. Burkhart"), decedent's son, and Sally Burkhart ("Ms. Burkhart"), the decedent's widow filed this action alleging loss of consortium and wrongful death. Ms. Burkhart also asserts, on behalf of decedent's estate, survivor causes of action for medical malpractice, negligence, and heightened remedies under California's Elder Abuse Act.

Mr. Burkhart's claims should be dismissed without leave to amend because he failed to timely exhaust administrative remedies and for failure to state a claim under the FTCA. Ms. Burkhart's loss of consortium claim and survivor claim on behalf of decedent's estate should be dismissed without leave to amend because she failed to timely exhaust administrative remedies. Ms. Burkhart's wrongful death claim and survivor claim on behalf of decedent's estate also present procedural deficiencies that might be remedied by amendment: decedent's heirs must be joined as necessary, indispensable parties to Ms. Burkhart's wrongful death claim, and Ms. Burkhart has failed to properly allege that she has standing to assert survivor claims on behalf of decedent's estate.

**II. BACKGROUND**

Plaintiffs allege that decedent David Burkhart sought treatment at the United States Department of Veterans Affairs' ("VA") hospital facility in Menlo Park in September 2002, where he suffered an allergic reaction to medication. (First Amended Complaint ("FAC") ¶ 14). Plaintiffs further allege that approximately a year later, in September 2003, the decedent was admitted to the VA's hospital facility in Palo Alto and subsequently transferred to the VA's Livermore facility. (FAC ¶¶ 18-23). On October 26, 2003, decedent was found dead in his bed at the VA's Livermore facility. (FAC ¶ 24). Plaintiffs claim medical malpractice and negligence, alleging that VA medical personnel failed to properly diagnose and treat the decedent. (FAC ¶¶ 25-42). According to the FAC, decedent is survived by three adult children, Mr. Burkhart, William M. Burkhart and Lisa A. Haran. (FAC ¶ 10).

Around October 21, 2005, the VA received two administrative claim forms from Ms. Burkhart claiming wrongful death and seeking two million dollars. (Declaration of Lelia Tokuyama In Support of Defendant's Motion to Dismiss ("Tokuyama Decl.") ¶ 4, Ex. A). On both forms, Ms. Burkhart signed as the claimant. (*Id*. ¶ 4, Ex. A). Neither Mr. Burkhart, nor any other child of the decedent, filed an administrative claim with the VA. (*See id*. ¶ 3).

On or about October 26, 2007, Ms. Burkhart, filed a complaint on behalf of decedent's estate alleging medical malpractice, elder neglect, and negligence against the VA. On April 4, 2008, defendant VA filed a motion to dismiss on the ground that the United States is the only proper defendant in an action brought under the FTCA. On May 14, 2008, the Court granted the VA's motion to dismiss with leave to amend.[1] On June 4, 2008, plaintiffs Mr. Burkhart, Ms. Burkhart, and Ms. Burkhart on behalf of decedent's estate filed a "First Amended Complaint for Medical Malpractice, Elder Abuse and Negligence."

## III.     LEGAL STANDARDS

### A. Standard for Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), the court should dismiss a complaint where the plaintiff has failed to establish the court's subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). In determining whether it has subject matter jurisdiction, a court is not limited to the allegations of the complaint. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2001). Rather, the court is permitted to look beyond the complaint to extrinsic evidence, and need not assume the truth of the complaint's allegations. *Id*.

### B. Standard for Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that

---

[1] Although the caption for the FAC names the United States as defendant, the body of the FAC continues to name the VA as the defendant in this action. (FAC ¶ 6). Plaintiff's tort claims are brought pursuant to the FTCA. Under the FTCA, the only proper defendant is the United States, not the VA, a government agency. To the extent plaintiffs continue to allege FTCA claims against the VA, their claims should fail. *See* 28 U.S.C. § 2679; *Woods v. United States*, 720 F.2d 1451, 1452 n. 1 (9th Cir. 1983). The United States should be substituted in place of the VA. 28 U.S.C. § 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

FEDERAL DEFENDANT'S MOTION TO DISMISS
C07-5467 PJH                                            3

would entitle her to relief. *Chandler v. McMinnville Sch. Dist.*, 978 F.2d 524, 527 (9th Cir. 1992). The Court takes as true all material allegations of the complaint, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and these allegations are taken in the light most favorable to the plaintiff. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

### C. Standard for Motion to Dismiss for Failure to Add Necessary Parties

Pursuant to Rule 12(b)(7), a claim may be dismissed for failure to join a party under Rule 19. To determine whether Rule 19 requires the joinder of additional parties, the Court may consider evidence outside of the pleadings. *See McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960); *Behrens v. Donnelly*, 236 F.R.D. 509, 512 (D. Haw. 2006).

## IV.   ARGUMENT

### A.   Claims By Plaintiff David Burkhart Should Be Dismissed

#### 1.   This Court Lacks Subject Matter Jurisdiction Over Mr. Burkhart's Claims

The Court lacks subject matter jurisdiction over Mr. Burkhart's wrongful death and loss of consortium claims because Mr. Burkhart failed to first present an administrative claim to the VA. The only possible jurisdictional basis for his claims is the FTCA, which permits civil actions against the United States for certain torts allegedly committed by federal employees that would be torts under the law of the forum state. *See* 28 U.S.C. § 1346(b). A district court has no subject matter jurisdiction over an FTCA action unless the plaintiff first presented a claim to the appropriate agency, and either (1) the claim was "finally denied" in writing, or (2) six months have passed since the claim was submitted. 28 U.S.C. § 2675(a). The claim requirement "is jurisdictional in nature and may not be waived." *Burns v. United States*, 765 F.2d 722, 723 (9th Cir. 1985). Nor may a plaintiff satisfy that requirement by presenting the administrative claim after filing suit. *McNeil v. United States*, 508 U.S. 106, 111-12 (1993).[2] The plaintiff bears the burden of establishing that a proper administrative claim has been filed. *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195 (3d Cir. 1989); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994) (burden of establishing federal court jurisdiction rests on party

---

[2] Decedent died on October 26, 2003. (FAC ¶ 24). Accordingly, the two year statute of limitations provided for filing Mr. Burkhart's administrative claim has already passed. 28 U.S.C. § 2401(b).

FEDERAL DEFENDANT'S MOTION TO DISMISS
C07-5467 PJH                                    4

1   asserting jurisdiction). Here, the complaint contains no allegations that Mr. Burkhart filed an
2   administrative claim, and the VA has no record of any such claim. (*See* Tokuyama Decl. ¶ 3).
3       That Ms. Burkhart filed her own administrative claim for wrongful death does not suffice to
4   provide this Court subject matter jurisdiction over Mr. Burkhart's claims. If there are multiple
5   claimants in an FTCA case, each claimant must individually satisfy the jurisdictional prerequisite
6   of filing an administrative claim. *See Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993);
7   *Agae v. United States*, 125 F. Supp. 2d 1243, 1246-47 (D. Haw. 2000) (although some family
8   members filed administrative claim for wrongful death, FTCA action of eleven members who
9   failed to file administrative claim before two year statute of limitations was barred).
10       Moreover, Ms. Burkhart's administrative claims made no allegations that would give notice
11   of Mr. Burkhart's claims. *See Rooney v. United States*, 634 F.2d 1238, 1242 (9th Cir. 1980)
12   (primary purpose of the claim requirement is to expedite the fair settlement of tort claims
13   asserted against the United States, and to fulfill this purpose, the administrative claim must
14   provide notification of an incident and injury, must adequately identify the claimant and must
15   state a claim for damages in a sum certain). Ms. Burkhart's administrative claim contained no
16   allegations of facts related to loss of consortium, let alone a claim of loss of parental consortium
17   by decedent's children. Although Ms. Burkhart's administrative claims alleged wrongful death,
18   they failed to give proper notice of Mr. Burkhart's claims because they did not mention Mr.
19   Burkhart, or any of the decedent's children. (*See* Tokuyama Decl. Ex. A ); *Frantz v. United*
20   *States*, 791 F. Supp. 445, 451 (D. Del. 1992) (administrative claim by decedent's widow failed to
21   give adequate notice that she was asserting wrongful death claim on her own behalf or on behalf
22   of adult children where claim did not list any names of "claimants," or the signature of any other
23   claimants); *cf. Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) (mere identification
24   of claimant's wife's name on administrative claim form does not give adequate notice of a claim
25   for loss of consortium and does not satisfy FTCA jurisdictional requirement); *Avila v. INS*, 731
26   F.2d 616, 619 (9th Cir. 1984) (FTCA jurisdictional requirement met where father submitted
27   administrative claim in the name of adult incompetent son). Mr. Burkhart's wrongful death
28   claim is a "personal and separate cause of action" from that belonging to Ms. Burkhart. Cal. Civ.

FEDERAL DEFENDANT'S MOTION TO DISMISS
C07-5467 PJH                       5

1  Proc. § 377.60 (listing those persons entitled to sue for wrongful death); *see Ruttenberg v.*
2  *Ruttenberg*, 53 Cal. App. 4th 801, 807-08 (1997). The wrongful death cause of action is based
3  upon the plaintiff's own independent pecuniary injury suffered by loss of the decedent, and is
4  distinct from any action that decedent might have maintained had he survived. Cal. Civ. Proc. §
5  377.60; *Horwich v. Superior Court*, 21 Cal. 4th 272, 283 (1999). By his wrongful death action,
6  Mr. Burkhart seeks compensation for his own loss, determined, in large part, on his relationship
7  to the decedent. *See San Diego Gas & Elec. Co. v. Super. Court*, 146 Cal. App. 4th 1545, 1551
8  (2007) ("in a wrongful death action, the 'injury' is not the general loss of the decedent, but the
9  particular loss of the decedent to each individual claimant."). Ms. Burkhart's administrative
10 claims were submitted in her own name, provided no allegation of pecuniary loss suffered by
11 Mr. Burkhart or any of the decedent's children, and thus, failed to provide the government actual
12 notice of a sum certain that Mr. Burkhart might be claiming. (*See* Tokuyama Decl. Ex. A). *See*
13 28 U.S.C. § 2675(a). Accordingly, Mr. Burkhart cannot rely upon an administrative claim filed
14 by his mother as providing adequate notice to the VA of his own, entirely separate loss. *See*
15 *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893-94 (6th Cir. 1986) (children were not
16 identified on parent's administrative claim form and thus, had not substantially complied with the
17 jurisdictional requirements of 28 U.S.C. § 2675(a)); *Jackson v. United States*, 558 F. Supp. 14,
18 16 (D.D.C. 1982) (administrative claim for wrongful death filed by decedent's parents did not
19 satisfy jurisdictional filing requirement for wrongful death action by decedent's spouse) *aff'd*
20 730 F.2d 808 (D.C. Cir. 1984) (per curiam). Because Mr. Burkhart failed to timely file an
21 administrative claim, this Court lacks subject matter jurisdiction over his wrongful death and loss
22 of consortium claims.

23     **2. No Cause of Action for Parental Loss of Consortium in California**

24     To be actionable under the FTCA, a claim must allege that the United States "would be
25 liable to the claimant" as "a private person" "in accordance with the law of the place where the
26 act or omission occurred." 28 U.S.C. § 1346(b). Mr. Burkhart's loss of consortium claim
27 should be dismissed because California does not recognize a loss of parental consortium claim.
28 *See Borer v. Amer. Airlines, Inc.*, 19 Cal.3d 441 (1977).

**B. Ms. Burkhart's Claims Should Be Dismissed**

**1. Wrongful Death Claim Should be Dismissed Because the Decedents Heirs Have Not Been Joined**

Ms. Burkhart's wrongful death claim should be dismissed for failure to name all necessary parties – decedent's children William M. Burkhart and Lisa A. Haran. (FAC ¶ 10). Rule 12(b)(7) provides that a claim may be dismissed for failure to join a party under Rule 19.

"To find that a person who is not joined is 'indispensible,' the absent person must first be deemed necessary as a 'person to be joined if feasible' under Rule 19(a)(1) and (2). *Schnabel v. Lui*, 302 F.3d 1023, 1029-30 (9th Cir. 2002).

> In relevant part, Rule 19(a) states:
>
> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>     (i) as a practical matter impair or impede the person's ability to protect the interest; or
>     (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Under Rule 19(a)(1), a party is deemed "necessary" if complete relief cannot be granted in his absence. *Disabled Rights Action Comm v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir.1983). Consideration of Rule 19(a)(2) focuses on whether the absent party's participation is necessary to protect his legally cognizable interests or to protect existing parties from a significant risk of incurring multiple or inconsistent obligations because of those interests. *See Disabled Rights Action Comm.*, 375 F.3d at 880. If a party is "necessary" pursuant to Rule 19(a) and cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Factors for the Court to consider include:

(1) the extend to which a judgment rendered in the person's absence might prejudice that party or existing parties; (2) the extent such prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief or other measures; (3) whether judgment rendered in the person's absence would be adequate and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. *Id.*

By statute, a wrongful death cause of action can be asserted by, among others, the decedent's children.[3] Cal. Civ. Proc. Code § 377.60. California's wrongful death statute is " a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action." *Cross v. Pac. Gas & Elec. Co.*, 60 Cal.2d 690, 694 (1964). Each child has a personal and separate cause of action, and a separate rather than joint interest. *Ruttenberg*, 53 Cal. App. 4th at 807-08. The wrongful death cause of action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and . . . damages awarded should be in a lump sum," and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. *Helling v. Lew*, 28 Cal.App.3d 434, 438 (1972). Accordingly, disposition of this action may, as a practical matter, impair or impede decedent's non-party children to protect their interest, or leave defendant subject to a risk of multiple or otherwise inconsistent obligations by reason of the children's interest. Here, the Court's subject matter jurisdiction is based on the 28 U.S.C. § 1346(b), which provides that federal courts will have exclusive jurisdiction over FTCA actions. Accordingly, joinder of additional parties would not defeat the Court's jurisdiction. Here, at the very least, decedent's daughter, Ms. Haran, is subject to service of process.[4] (*See* Tokuyama Decl. Ex. B at 1) (listing Ms. Haran's address in San Jose, California). Although it appears that like Mr. Burkhart, decedent's other children have

---

[3] Although the California wrongful death statute permits a the decedent's personal representative to assert a wrongful death claim on behalf of the decedent's children, *see* Cal. Civ. Proc. Code § 377.60, as discussed below, Ms. Burkhart has failed to adequately allege that she is the decedent's personal representative. Moreover, in the FAC, Ms. Burkhart does not allege that she brings wrongful death claims – claims separate from those of decedent's estate – on behalf of the decedent's children.

[4] At this time, defendant does not have information concerning the residence of William M. Burkhart.

FEDERAL DEFENDANT'S MOTION TO DISMISS
C07-5467 PJH                                8

1  not (and cannot) timely file an administrative claim related to decedent's death (Tokuyama Decl.
2  ¶ 3), until they are joined as parties to this action, a determination of whether they are barred
3  from asserting a wrongful death claim cannot be made, leaving defendant and the court
4  susceptible to multiple lawsuits on the same cause of action. *See Allen v. County of Monterey*,
5  No. C-06-07293 RMW, 2007 WL 1771521, at * 8 (N.D. Cal. June 18, 2007) (decedent's father is
6  necessary party under Rule 19 in a wrongful death action); *Morrison v. New Orleans Public
7  Service Inc.*, 415 F.2d 419, 423-24 (5th Cir. 1969) (children of decedent who were not parties to
8  wrongful death action should have been joined if feasible because action would deprive the
9  absent children of a share in the recovery where state law permits only a single lump-sum
10 damage wrongful death award and this award must be obtained in a single action).

### 2. This Court Lacks Subject Matter Jurisdiction Over Ms. Burkhart's Loss of Consortium Claim

The Court lacks subject matter jurisdiction over Ms. Burkhart's loss of consortium claim because she failed to exhaust her administrative remedies. A plaintiff asserting multiple causes of action bears the burden of establishing that the single administrative claim form submitted gave constructive notice to the government of the multiple claims. *Frantz*, 791 F. Supp. 445; *Gland v. United States*, No. Civ.A. 03-CIV-1697, 2003 WL 23094911, at *2 (E.D. Pa. Dec. 16, 2003) ("Where multiple claims are asserted on a single claim form, the form must give "constructive notice" of each additional claim, or else the extra claims will later be dismissed for failure to exhaust"). Loss of consortium has been described as loss of conjugal society, comfort, affection, companionship and sexual relations. *See Elden v. Sheldon,* 46 Cal.3d 267, 277 (1988) *citing Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 404-05 (1974). Here, Ms. Burkhart's administrative claims focused on the decedent's alleged treatment. Courts have refused to infer notice of loss of consortium claims from an administrative claim form that facially only refers to the spouse's injury. *Johnson*, 704 F.2d at 1442 (mere identification of claimant's wife's name on administrative claim form does not give adequate notice of a claim for loss of consortium and does not satisfy FTCA jurisdictional requirement). Ms. Burkhart does not identify herself as the decedent's widow on her administrative claim forms and makes no reference to emotional

FEDERAL DEFENDANT'S MOTION TO DISMISS
C07-5467 PJH                              9

suffering, or other facts that would give notice of a loss of consortium claim. Accordingly, Ms. Burkhart's loss of consortium claim should be dismissed for lack of subject matter jurisdiction.

### C. Survivor Claims By Decedent's Estate Should Be Dismissed

#### 1. The Court Lacks Subject Matter Jurisdiction Over Survivor Claims

The Court lacks subject matter jurisdiction over the decedent's survivor claims because these claims have not been properly exhausted. Unlike a cause of action for wrongful death, a survivor cause of action is not a new cause of action that vests in the heirs on the decedent's death. Rather, it is a separate cause of action that belonged to the decedent before death, but, by statute, survives that event. Cal. Civ. Proc. Code § 377.30; *Quiroz v. Seventh Avenue Ctr.*, 140 Cal. App. 4th 1256, 1265 (2006). The survivor claim may be asserted by the "decedent's personal representative, or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30.

Here, Ms. Burkhart alleges that she submitted an administrative claim form as the administratrix of decedent's estate as well as on behalf of herself. (FAC ¶ 25). However, both of the forms submitted by Ms. Burkhart list her claim as one for "wrongful death," and the amount of that claim as "2-million." (Tokuyama Decl. Ex. A). Ms. Burkhart signed both forms as the claimant. (*Id.*). Morever, although one form Ms. Burkhart lists "David Burkhart Sally" as the claimant, and the other lists "David Burkhart" as the claimant, nothing in either form states a value for the survivor claim, as distinguished from Ms. Burkhart's claim for wrongful death. (*Id.*). *Cf. Gland*, 2003 WL 23094911 at *3-5 (holding that the plaintiff's administrative claim for survivor action on behalf of estate failed to give notice of wrongful death and loss of consortium claims even where plaintiff identified claimant as the decedent's estate, but nonetheless provided estimates for both personal injury and wrongful death claims). Moreover, nothing in the claim states that Ms. Burkhart is filing as a representative of the estate, or identifies Ms. Burkhart's relation to the decedent. Accordingly, because no administrative claim for decedent's survivor claim has been filed, the Court lacks subject matter jurisdiction over that claim.

#### 2. Ms. Burkhart Lacks Standing to Assert Survivor Claim

Ms. Burkhart lacks standing to assert a survivor claim on behalf of decedent's estate. California's survival statute allows a successor in interest to bring a claim on behalf of the decedent when the decedent does not have a personal representative. "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for brining a survival action." *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 369 (9th Cir. 1998). As defined by California Probate Code § 58, "'personal representative' means executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." A person seeking to file an action as decedent's successor in interest must file an affidavit stating, among other things: (1) "No proceeding is now pending in California for administration of the decedent's estate;" (2) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest; (3) either (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding;" or (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding;" and (4) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding." Cal. Civ. Proc. Code § 377.32.

Here, the FAC contains no allegations that Ms. Burkhart is the personal representative of the decedent, nor does the FAC contain any allegations addressing the information required in order to assert an action as a successor in interest. *See* California Code of Civil Procedure § 377.32; *See Garcia v. Adams*, No. F 04-5999, 2006 WL 403838, at *11-12 (E.D. Cal. Feb. 17, 2006) (dismissing survivor claim where complaint lacked allegations that the plaintiff is the personal representative of decedent as well as allegations addressing information required under California Code of Civil Procedure § 377.32 to show that plaintiff is decedent's successor in

1 | interest); *Dillard v. Curtis*, No. C 04-1449 PJH, 2004 U.S. Dist. Lexis 22926, *20-21 (N.D. Cal.
2 | 2004) (noting that although California Code of Civil Procedure 377.32 is a rule of California, not
3 | federal procedure, "it seems to set a minimum threshold below which a person claiming to be a
4 | 'successor in interest' should not be permitted to slip"). Accordingly, the FAC does not
5 | sufficiently demonstrate that Ms. Burkhart has standing to pursue a survivor claim on behalf of
6 | the decedent's estate.

## V. CONCLUSION

For the reasons stated above, defendant respectfully requests dismissal of Mr. Burkhart's claims, Ms. Burkhart's loss of consortium claim, and the survival claim brought on behalf of decedent's estate with prejudice. Defendant respectfully requests dismissal of Ms. Burkhart's wrongful death claim with leave to amend.

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

Dated: June 18, 2008

/s/
_____
JENNIFER S WANG
Assistant United States Attorney
Attorneys for Defendant