Exhibit A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: REGIONAL COUNSEL (662/02) U.S. DEPT. OF VETERANS AFFAIRS VA MEDICAL CENTER, BLDG. 210 4150 CLEMENT STREET SAN FRANCISCO, CA 94121 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) DAVE BURKHART SALLY 483 Nottingham Way Campbell, Calif 95008 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 11-14-31 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 10-26-2003 | 7. TIME (A.M. OR P.M.) AM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Vitran death resulted in by misdiagnosed medical treatment - Lack of. Given drug Haldol with Heart problem. placed in Hospice at Livermore. DR. Kuo dropped his insulin readings to twice a week, I checked them 4 times day at home. He was placed in hospice, and had no medical treatment. Died of heart cardiac arrest when he was on full code in a hospital.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Vitran death resulted by misdiagnosed medical treatment and lack of.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH Misdiagnosed Lack of treatment | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) 2 Million |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Sally Burkhart | 13b. Phone number of signatory 408-371-0646 | 14. DATE OF CLAIM 10-11-05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-108
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☐ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☐ No

*U.S. Government Printing Office: 1993 — 342-199/50204    SF 95 (Rev. 7-85) BAC

October 16, 05

David was admitted to Palo Alto Hospital 9-30-02, then sent to Menlo Park VA, where he was given Lisinopril. He was allergic to this, but they failed to take it out of the medical records, on the computer in Menlo Park.

This put him into Cardiac Arrest, and they sent him back to Palo Alto in an ambulance. There they pumped it out of him.

Then told us he couldn't stay in Palo Alto, we had to find a place for him. They used a lift to move him.

We found a nursing home Terrene gardens, by our house.

Palo Alto VA sent him on a gurney (he was too weak to sit in his wheel chair) and was admitted. He was there just a couple days, when they sent him in an ambulance to Good Samaritan Hospital. They admitted him with Cardiac Arrest.

②

When he came home from the nursing home (Stay Sept to June) I had a caregiver to help me in our home.

He went up to Palo Alto. He was there about 1 week. Came back home.

In September, he went back to the hospital in Palo Alto (He should have been admitted, but was sent home at 11:30 at nite on a gurney.

Three days later the VA sent a Van, he went back up to Palo Alto and finally admitted him.

Then Palo Alto told me he couldn't stay there.

I had a Lift on order from the VA, and asked if he could stay until I got the Lift. They said no!

Then they gave him Haldol to get him to Livermore. Because he didn't want to go.

(3)

The nite before Lee went to Livermore I called and spoke to him. He sounded like Lee was much better and stronger. I spoke to the nite nurse, he said Lee was a perfect gentleman and doing better.

When I went up to visit him in Livermore he was really sick. He was white, cold, clammy, gray, throwing up, couldn't eat. He looked awful sweating & white, not at all like the way he sounded in Palo Alto on the phone.

I called the rotating Doctor in Livermore, and asked him if Dr. Kuo left him any notes to check him on weekends. He told me no no messages. said he won't be here But she was not. They put him in the Hospice area and dropped his insulin checks to 2 times a week, at home I checked it 4 times a day.

We were never told Lee was in the Hospice area, He was on full ca

(4)

The nurses in Livermore told me they just try and make the patients comfortable in the Hospice area. They don't really treat them.

I was never told they placed him in Hospice area.

He was a diabetic, they should have checked on him.

He was throwing up and didn't eat, lost alot of weight.

I asked the VA to weigh him, when they did the autopsy. They told me they would. They never did! They told me they didn't have a scale in the VA Hospital in Palo Alto.

I believe if he had been at a good sane Hospital he would be alive today.

The best hospitals take care of the sickest patients.

The VA system dumps patients.

PATIENT NAME: BURKHART, DAVE
UNIT NO: M000551642

EXAMS:  
000552707 GD CHEST 1V PORT

CPT:  
71010

EXAM: SINGLE PORTABLE VIEW OF THE CHEST, 10/3/2002, 1057 HOURS.
X552707

FINDINGS: The cardiac silhouette is upper limits of normal in size. The interstitial markings are prominent with indistinct pulmonary vasculature. The left hemidiaphragm is obscured, as are both costophrenic angles. The overall appearance is suggestive of congestive heart failure. Clinical correlation is needed. Median sternotomy wires are in place. The bones and underlying soft tissues are unremarkable.

IMPRESSION: CHF, with small bilateral pleural effusions.

DICTATED: 10/3/2002, 1640

---

Reported by: Denise K. Wise, M.D.

*[Handwritten note:]* This is after they gave him Lisinopril at VA - and wouldn't keep him in hospital - Good Sam hospital admitted him, a few days later.

CC: Bertha Chen MD

DICTATED DATE/TIME: 10/03/2002 (1640)
TECHNOLOGIST: Darnall, Sheri L
TRANSCRIBED DATE/TIME: 10/03/2002 (2216)
TRANSCRIPTIONIST: MARCOSN
PRINTED DATE/TIME: 10/04/2002 (1114)   BATCH NO: N/A

PAGE 1                    Draft Report Printed From PCI

GOOD SAMARITAN HOSPITAL           NAME: BURKHART, DAVE
2425 Samaritan Drive              PHYS: ERIMI - Ericksen, Michael MD
San Jose, CA 95124                DOB: 11/14/1931 AGE: 70   SEX: M
                                  ACCT NO: M00066714247 LOC: M.327.1
PHONE #: (408)559-2141            EXAM DATE: 10/03/2002 STATUS: ADM IN
FAX #: (408)559-2679              RADIOLOGY NO:

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit to Appropriate Federal Agency:
REGIONAL COUNSEL (662/02)
U.S. DEPT. OF VETERANS AFFAIRS
VA MEDICAL CENTER, BLDG. 210
4150 CLEMENT STREET
SAN FRANCISCO, CA 94121

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Dave Burkhart
403 Nothingham Way
Campbell, CA 95008

3. TYPE OF EMPLOYMENT: ☒ CIVILIAN
4. DATE OF BIRTH: 11-14-1931
5. MARITAL STATUS: Married
6. DATE AND DAY OF ACCIDENT: 10-26-2003
7. TIME (A.M. or P.M.):

8. Basis of Claim: Veteran death resulted by mis diagnosed medical treatment. Lack of given Haldol with Heart problem. Dr Kuo Livermore, Hospice Area, when he was on full code.

9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (PROPERTY DAMAGE)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH: Given Lipsosal in Menlo Park put in Cardiac Arrest. Said he couldn't stay. Admitted him to Public Nursing home and they sent him to good Sam Hospital in San Jose they admitted him with Cardiac arrest In Sept 2003 was admitted to Palo Alto, said he couldn't stay got him Haldol sent him to Livermore was put in Hospice area when he was on full code, dropped his eating to two times a week, at home I checked it 4 times a day. Lost a lot of weight. Asked them to weigh him with Autopsy, they didn't said there wasn't scale in the VA Hospital.

12. AMOUNT OF CLAIM (in dollars)
12a. PROPERTY DAMAGE
12b. PERSONAL INJURY
12c. WRONGFUL DEATH: mis diagnosed lack of treatment 2 Million
12d. TOTAL

13a. SIGNATURE OF CLAIMANT: [signature] Sally Burkhart
13b. Phone number of signatory: 408 371-0644
14. DATE OF CLAIM: 10-11-05

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? [ ] Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. [ ] No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

19. Do you carry public liability and property damage insurance? [ ] Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) [ ] No

SF 95 (Rev. 7-85) BACK

# Exhibit B

# ALAMEDA COUNTY HEALTH CARE SERVICES AGENCY
## PUBLIC HEALTH DEPARTMENT

**CERTIFICATION OF VITAL RECORDS**

**CERTIFICATE OF DEATH** — STATE OF CALIFORNIA

Local Registration Number: 3200301007298

| Field | Value |
|---|---|
| 1. Name of Decedent — First | DAVID |
| 2. Middle | — |
| 3. Last | BURKHART |
| 4. Date of Birth | 11/14/1931 |
| 5. Age | 71 |
| 6. Sex | M |
| 7. Date of Death | 10/26/2003 |
| 8. Hour | 0648 |
| 9. Birth State/Foreign Country | OK |
| 11. Ever in U.S. Armed Forces | YES |
| 12. Marital Status | MARRIED |
| 14. Decedent's Race | CAUCASIAN |
| 15. Education | SOME COLLEGE |
| 16. Kind of Business/Industry | FOOD |
| 18. Years in Occupation | 40 |
| 17. Usual Occupation | SELF EMPLOYED |
| 20. Decedent's Residence | 1822 LENCAR WAY |
| 22. County | SANTA CLARA |
| 23. Zip Code | 95124 |
| 24. Years in County | 5 |
| 25. State | CA |
| 21. City | SAN JOSE |
| 27. Informant's Mailing Address | 1564 WILLOWGATE DRIVE SAN JOSE, CA 95118 |
| 26. Informant's Name, Relationship | LISA HARAN - DAUGHTER |
| 28. Name of Surviving Spouse — First | SALLY |
| 29. Middle | ANN |
| 30. Last | THEDE |
| 31. Name of Father — First | JOSEPH |
| 32. Middle | L. |
| 33. Last | BURKHART |
| 34. Birth State | CANADA |
| 35. Name of Mother — First | LONA |
| 36. Middle | MARIE |
| 37. Last | ROBINSON |
| 38. Birth State | OK |
| 39. Disposition Date | 11/06/2003 |
| 40. Place of Final Disposition | SAN JOAQUIN VALLEY NATIONAL CEMETERY 32053 W. MC CABE RD. GUSTINE, CA |
| 41. Type of Disposition | BURIAL |
| 45. License Number | 7381 |
| 44. Name of Funeral Establishment | OAK HILL FUNERAL HOME |
| 45. FD | FD 991 |
| 48. Date | 11/05/2003 |
| 100. Place of Death | VA HEALTH CARE SYSTEM |
| 101. City | LIVERMORE |
| 103. County | ALAMEDA |
| 104. Facility Address | 4951 ARROYO ROAD |
| 107. Cause of Death — Immediate | CORONARY ARTERY DISEASE |
| (due to) | MULTI-INFARCT DEMENTIA |
| 112. Other Significant Conditions | CONGESTIVE HEART FAILURE, DIABETES MELLITUS, HYPERTENSION, OSTEOMYELITIS |
| 113. Operation Performed | NO |
| License Number | A66866 |
| Date | 10/27/2003 |
| Decedent Attended From | 09/29/2003 |
| Decedent Last Seen Alive | 10/26/2003 |
| Physician Name/Address | MONIQUE KUO MD. 4951 ARROYO ROAD, LIVERMORE, CA. 94550 |

FAX AUTH # 27002

*000378419*

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA
COUNTY OF ALAMEDA } ss

This is a true and exact reproduction of the document officially registered and filed with the Alameda County Health Care Services Agency.

DATE ISSUED: 11/12/2003

HEALTH OFFICER AND L.R.
ALAMEDA COUNTY

This copy not valid unless prepared on engraved border displaying date and signature of Registrar

# CERTIFICATE OF DEATH
STATE OF CALIFORNIA

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT — FIRST | DAVE |
| 3. LAST (Family) | BURKHART |
| 7. DATE OF DEATH | 10/26/2003 |
| 8. HOUR (24 Hours) | 0648 |
| 101. PLACE OF DEATH | VA HEALTH CARE SYSTEM |
| 102. IF HOSPITAL | IP (X) |
| 104. COUNTY | ALAMEDA |
| 105. FACILITY ADDRESS | 4951 ARROYO ROAD |
| 105. CITY | LIVERMORE |
| 107. CAUSE OF DEATH | |
| IMMEDIATE CAUSE (A) | CORONARY ARTERY DISEASE |
| (B) | MULTI-INFARCT DEMENTIA |
| 108. DEATH REPORTED TO CORONER? | NO (X) |
| 109. BIOPSY PERFORMED? | NO (X) |
| 110. AUTOPSY PERFORMED? | NO (X) |
| 112. OTHER SIGNIFICANT CONDITIONS | CONGESTIVE HEART FAILURE, DIABETES MELLITUS, HYPERTENSION, OSTEOMYELITIS |
| 114A. Decedent Attended Since | 09/29/2003 |
| 114B. Decedent Last Seen Alive | 10/26/2003 |
| 116. LICENSE NUMBER | A66866 |
| 117. DATE | 10/27/2003 |
| 118. ATTENDING PHYSICIAN | MONIQUE KUO MD. 4951 ARROYO ROAD, LIVERMORE, CA. 94550 |

| MEDICAL RECORD | DISPOSITION BODY |
|---|---|

## RECEIPT OF BODY AT MORGUE

The body of ........................................................ (Name) ........................................ was

received at ........................................ A. M. / P. M. on ........................ (Date)

........................................ (Signature)

## CERTIFICATE OF REMOVAL

The body of **DAVE BURKHART** (Name) was removed

by **Callaghans** (Name and address of undertaker)

at **11:15** A. M. / P. M. on **10-26-03** (Date)

........................................ (Signature of person releasing body to undertaker)      ........................................ (Signature of representative of undertaker)

The following statement shall be completed only when specifically ordered.

PHYSICIAN'S STATEMENT REGARDING CONDITION OF REMAINS AS RELEASED (Describe post-mortem, surface discolorations, abrasions, lesions, incisions, whether remains were embalmed, etc.)

........................................ (Signature of physician)

| PATIENT'S IDENTIFICATION (For typed or written entries give: Name—Last, first, middle; grade; date; hospital or medical facility) | REGISTER NO. | WARD NO. |
|---|---|---|

DEPARTMENT OF VETERANS AFFAIRS
MEDICAL CENTER
LIVERMORE

DISPOSITION OF BODY
Standard Form 523A (Rev. 10-75)
Prescribed by General Services
Administration and Interagency Comm
on Medical Records
FIRMR (41 CFR) 201-45.505 — 523-207

BURKHART, DAVE
11/14/31

**Department of Veterans Affairs**

## NOTICE TO PERSON DESIGNATED BY VETERAN REGARDING PERSONAL EFFECTS

### PART I—NOTICE TO DESIGNEE AND/OR RELATIVES OF VETERAN

**NAME OF DECEASED VETERAN:** Burkhart, Dave
**CLAIM NO.:** SS# [redacted]
**DATE OF NOTICE:** 10/26/03
**PLACE OF DEATH:** VA Health Care System
**DATE OF DEATH:** 10/26/03
**CASH LEFT BY VETERAN:** $ -0-
**PERSON NAMED AS DESIGNEE:** David Burkhart (Son)
**PERSON NAMED AS ALTERNATE DESIGNEE:**

You are hereby notified that the deceased veteran named above left cash among his/her effects and property. (Cash is in the amount shown above; effects and property as listed on the enclosed inventory or on the reverse of this form). The veteran has named the designee shown above to whom possession of such property may be delivered. If not delivered to the designee within 90 days or to the alternate designee within 120 days from the date of this notice the property will be sold at the time and place stated on the reverse side hereof, unless prior to that date it is claimed by and delivered to one or more of the persons entitled to possession. Cost of shipment not exceeding $25 will be paid by the Government. Unless claimed by the executor or administrator of deceased, possession will be delivered (if claimed) to the spouse, child, grandchild, mother, father, grandmother, grandfather, brother, or sister (in the order named), if such are named among those whom the deceased stated were his relatives (named below). If claimant is a minor or is incompetent delivery will be to his/her guardian. Waiver by each entitled to priority is necessary to deliver to one subsequently entitled. Notwithstanding such delivery the beneficial interest in such property shall be subject to distribution in accordance with the deceased's will, if any; or if intestate in accordance with the law of decedent's domicile. Delivery does not vest title in the person to whom delivery is made. If such property is sold, the net proceeds will be deposited in the United States Treasury for credit to the General Post Fund and may be reclaimed within 5 years after the date of this notice by the person or persons to whom title thereto vested upon death of the owner. You may make claim in person, or by writing the undersigned proper shipping instructions. The following statement should be signed and this notice returned to this facility.

**VA FACILITY (Name and address):** 4951 Arroyo road, Livermore CA 94550
**SIGNATURE OF DIRECTOR OR DESIGNEE:** Ken Owens, Acting Chief Business Office

### PART II—CLAIM FOR EFFECTS AND CASH

I hereby make claim for the effects and cash left by the above-named veteran. I understand that possession only will be transferred to me; that such transfer does not in itself affect title thereto and that I will be accountable to the person or persons legally entitled to such property.

**SIGNATURE OF CLAIMANT:** DeT. B[redacted]
**DATE:** 10/26/2003
**ADDRESS OF CLAIMANT:** [redacted]

### PART III—CERTIFICATION BY VA DIRECTOR OR DESIGNEE

I certify that all requirements of Title 38, U.S.C. and regulations of the Department of Veterans Affairs have been complied with in respect to the property listed herein. Also this notice was sent by mail to the following on the dates stated:

| NAME | ADDRESS | DATE MAILED |
|---|---|---|
| Bag Cap, Clothes, Mirror, Glasses, Dentures, Soap, Shampoo, Brush | | |

US03047

**PROPERTY WAS:** ☐ DELIVERED  ☐ SHIPPED  ☐ SOLD
**AMOUNT REALIZED:**
**DATE PROPERTY DISPOSED OF:**
**DATE OF MEMO AUTHORIZING DISPOSITION OF FUNDS:**
**SIGNATURE OF DIRECTOR OR DESIGNEE:** Ken Owens, Acting Chief Business Office

VA FORM 10-1171   EXISTING STOCK OF VA FORM 10-1171 SEP 1973 WILL BE USED

# Veterans Administration

## APPLICATION FOR UNITED STATES FLAG FOR BURIAL PURPOSES

*Postmaster or other issuing official: Submit this form to the nearest VA Regional Office. Be sure to complete the stub at the bottom.*

**LAST NAME - FIRST NAME - MIDDLE NAME OF DECEASED** (Print or type)
Burkhart, David

**BRANCH OF SERVICE** (Check): [X] ARMY  [ ] NAVY  [ ] AIR FORCE  [ ] MARINE CORPS  [ ] COAST GUARD  [ ] OTHER (Specify)

**VETERAN'S SERVICE** (Check): [ ] SPANISH AMERICAN  [ ] WWI  [ ] WWII  [X] KOREAN CONFLICT  [ ] AFTER 1-31-55  [ ] VIETNAM ERA  [ ] OTHER (Specify)

**CONDITION UNDER WHICH VETERAN WAS RELEASED FROM SERVICE** (Check):
[X] 1. VETERAN OF A WAR, MEXICAN BORDER SERVICE, OR OF SERVICE AFTER 1-31-55, DISCHARGED OR RELEASED FROM ACTIVE DUTY UNDER CONDITIONS OTHER THAN DISHONORABLE.
[ ] 2. DISCHARGED FROM, OR RELEASED FROM ACTIVE DUTY IN U.S. ARMED FORCES UNDER CONDITIONS OTHER THAN DISHONORABLE, AFTER SERVING AT LEAST ONE ENLISTMENT, OR DISCHARGED FOR DISABILITY INCURRED IN LINE OF DUTY.
[ ] 3. BY DEATH IN ACTIVE SERVICE AFTER MAY 27, 1941, AND FLAG NOT FURNISHED BY THE SERVICE DEPARTMENT.
[ ] 4. SEPARATED FROM PHILIPPINE MILITARY FORCES, UNDER CONDITIONS OTHER THAN DISHONORABLE, AFTER SERVING UNITED STATES IN SUCH FORCES UNDER PRESIDENT'S ORDER OF JULY 26, 1941, AND DIED ON OR AFTER APRIL 25, 1951.

**NAME OF PERSON ENTITLED TO RECEIVE FLAG:** David Burkhart
**ADDRESS OF PERSON ENTITLED TO RECEIVE FLAG:** [redacted]
**RELATIONSHIP TO DECEASED:** Son

### PERSONAL DATA OF DECEASED (To be completed if possible)

| VA FILE NUMBER | SOCIAL SECURITY NUMBER | SERVICE SERIAL NUMBER |
|---|---|---|
| | [redacted] | |

| DATE OF ENLISTMENT | DATE OF DISCHARGE | DATE OF BIRTH | DATE OF DEATH |
|---|---|---|---|
| | | 11/14/31 | 10/26/2003 |

| DATE OF BURIAL | PLACE OF BURIAL (Name of Cemetery, City, and State) |
|---|---|

**REMARKS:**

I CERTIFY that, to the best of my knowledge and belief, the statements made above are correct and true, the deceased is eligible, in accordance with attached Instructions, for issue of a United States flag for burial purposes, and such flag has not previously been applied for or furnished.

| SIGNATURE OF APPLICANT (Sign in INK) | ADDRESS | RELATIONSHIP TO DECEASED | DATE |
|---|---|---|---|
| [signature] | [redacted] | Son | 10/26/2013 |

PENALTY—The law provides that whoever makes any statement of a material fact knowing it to be false shall be punished by a fine or by imprisonment or both.

### ACKNOWLEDGMENT OF RECEIPT OF FLAG

I CERTIFY that the flag requested by the applicant will be used to drape the casket of the deceased in whose honor it is issued by the Veterans Administration; and that paragraph 7 of the attached Instructions will be complied with.

| SIGNATURE OF PERSON RECEIVING FLAG (Sign in INK) | DATE FLAG RECEIVED |
|---|---|

| NAME AND ADDRESS OF POST OFFICE OR OTHER FLAG ISSUE POINT | FOR VA USE |
|---|---|
| | DATE NOTIFICATION FORWARDED TO SUPPLY / INITIALS OF RESPONSIBLE VA EMPLOYEE |

VA FORM DEC 1985 90-2008

BEST AVAILABLE

*This stub is to be completed by the POSTMASTER or other issuing official. Upon receipt the VA Regional Office will detach and forward it to the appropriate Supply Officer.*

### NOTIFICATION OF ISSUANCE OF FLAG

| DATE FLAG ISSUED | SIGNATURE OF POSTMASTER OR OTHER ISSUING OFFICIAL (Sign in INK) | ADDRESS | |
|---|---|---|---|
| | | | US03048 |
| FOR VA USE ▶ | DATE OF REPLACEMENT | | |

VA FORM DEC 1985 90-2008    EXISTING STOCKS OF VA FORM 60-2008, 00-2008, AND 90-2008, FEB 1979, WILL BE USED.    663756