JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
Facsimile:  (415) 436-6748
Email: jennifer.s.wang@usdoj.gov

Attorneys for the Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SALLY BURKHART, on behalf of herself; THE ESTATE OF DAVID BURKHART, by and through Sally A. Burkhart as the personal representative; and DAVID T. BURKHART, on behalf of himself,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES; and DOES 1 to 50, inclusive<br><br>Defendants. | No. C 07-5467 PJH<br><br>**FEDERAL DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  August 6, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Fl. |

## I. INTRODUCTION

Defendant United States hereby submits its reply in support of its motion to dismiss. On June 18, 2008, defendant moved to:

(1) dismiss plaintiff David T. Burkhart's ("Mr. Burkhart") claims with prejudice on the ground that he failed to file an administrative claim;

(2) dismiss plaintiff Sally Burkhart's ("Ms. Burkhart") loss of consortium claim with prejudice on the ground that this claim was not included in her administrative filings;

(3) dismiss Ms. Burkhart's wrongful death claim with leave to amend on the ground that Ms. Burkhart has failed to join necessary parties; and

(4) dismiss plaintiff Estate of David Burkhart's ("the Estate") survivor claim on the ground that no timely administrative claim has been filed, or alternatively, because Ms. Burkhart has not sufficiently alleged that she has standing to assert survivor claims on behalf of the Estate.

Plaintiffs have not filed opposition briefs addressing the arguments presented by defendant in its motion.

## II. ARGUMENT

### A. Claims By Plaintiff David Burkhart Should Be Dismissed

The Court lacks subject matter jurisdiction over Mr. Burkhart's wrongful death and loss of consortium claims because Mr. Burkhart failed to first present an administrative claim to the United States Department of Veterans Affairs ("VA").

The Court must dismiss a claim over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 530 (9th Cir. 1988). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court applies standards particular to the nature of the jurisdictional challenge. If the challenge is a facial attack – one contesting jurisdiction solely on the allegations of the complaint – the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Thornhill Pub. Co. v. Gen'l Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If the motion is made as a "speaking motion," attacking the existence of subject matter jurisdiction "in fact," where a

jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction under Rule 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The court may then consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. *Thornhill Pub. Co.*, 594 F.2d at 733; *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The party seeking to invoke a federal court's jurisdiction has the burden of establishing that jurisdiction exists. *Thornhill Pub. Co.*, 594 F.2d at 733.

Here, the only possible jurisdictional basis for Mr. Burkhart's claims is the FTCA, which permits civil actions against the United States for certain torts allegedly committed by federal employees that would be torts under the law of the forum state. *See* 28 U.S.C. § 1346(b). A district court has no subject matter jurisdiction over an FTCA action unless the plaintiff first presented a claim to the appropriate agency, and either (1) the claim was "finally denied" in writing, or (2) six months have passed since the claim was submitted. 28 U.S.C. § 2675(a). The claim requirement "is jurisdictional in nature and may not be waived." *Burns v. United States*, 765 F.2d 722, 723 (9th Cir. 1985). The plaintiff bears the burden of establishing that a proper administrative claim has been filed. *Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195 (3d Cir. 1989). Here, the complaint contains no allegations that Mr. Burkhart filed an administrative claim, and Mr. Burkhart has not provided with the Court with any evidence suggesting otherwise. Moreover, the VA has no record of an administrative claim filed by Mr. Burkhart. (*See* Declaration of Lelia K. Tokuyama In Support of Defendant's Motion to Dismiss ("Tokuyama Decl.") ¶ 3).

That Ms. Burkhart filed an administrative claim with the VA does not satisfy the jurisdictional prerequisites of Mr. Burkhart's claims. "The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government. Thus in multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *See Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (internal quotations and citations omitted) *citing Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006). Although multiple claimants may submit one

1  form containing all claims, that form must provide a sum certain for each claim and must list
2  each individual claimant in order to comply with the FTCA.  *See Turner*, 514 F.3d at 1201
3  (holding parents' claims not deemed exhausted by filing of child's administrative claim where
4  form did not list parents as claimants or specify the individual amounts of their claims).  Here,
5  the administrative forms filed by Ms. Burkhart neither mentions Mr. Burkhart nor lists a sum
6  certain for any of his claims.  Accordingly, Mr. Burkhart's claims should be dismissed for lack of
7  subject matter jurisdiction.

8      In addition, Mr. Burkhart's loss of parental consortium claim should be dismissed because
9  California does not recognize such a claim.  *See Borer v. Amer. Airlines, Inc.*, 19 Cal.3d 441
10 (1977).  The United States can be liable under the FTCA only for allegedly wrongful acts by its
11 employees that would violate a law of the forum state.  *See* 28 U.S.C. § 1346(b)(1) (FTCA
12 permits civil actions against the United States for certain torts allegedly committed by federal
13 employees "under circumstances where the United States, if a private person, would be liable to
14 the claimant in accordance with the law of the place where the act or omission occurred.");
15 *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994) ("§ 1346(b)(1)'s reference to 'the
16 law of the place' means the law of the State – the source of substantive liability under the
17 FTCA.").

18   **B.  Plaintiff Sally Burkhart's Claims Should Be Dismissed**

19     **1.  This Court Lacks Subject Matter Jurisdiction Over Ms. Burkhart's Loss of Consortium Claim**

20     The Court lacks subject matter jurisdiction over Ms. Burkhart's loss of consortium claim
21 because she failed to exhaust her administrative remedies.  A plaintiff asserting multiple causes
22 of action bears the burden of establishing that the single administrative claim form submitted
23 gave constructive notice to the government of the multiple claims.  *Frantz v. United States*, 791
24 F. Supp. 445 (D. Del. 1992); *Gland v. United States*, No. Civ.A. 03-CIV-1697, 2003 WL
25 23094911, at *2 (E.D. Pa. Dec. 16, 2003) ("Where multiple claims are asserted on a single claim
26 form, the form must give "constructive notice" of each additional claim, or else the extra claims
27 will later be dismissed for failure to exhaust"); *see also Haceesa v. United States*, 309 F.3d 722,
28

FEDERAL DEFENDANT'S REPLY ISO  MOTION TO DISMISS
C07-5467 PJH                                                     3

734-35 (10th Cir. 2002) (dismissing claims of decedent's estate where administrative claim forms alleged loss of parental support and loss of consortium resulting from the defendant's alleged malpractice but did not indicate that claimant was acting on behalf of decedent's estate or otherwise seeking to recover for damages personally incurred by the decedent).  Courts have refused to infer notice of loss of consortium claims from an administrative claim that on its face, only refers to the spouse's injury. *Johnson v. United States*, 704 F.2d 1431,1442 (9th Cir. 1983) (mere identification of claimant's wife's name on administrative claim form does not give adequate notice of a claim for loss of consortium and does not satisfy FTCA jurisdictional requirement).

In California, loss of consortium has been described as loss of conjugal society, comfort, affection, companionship and sexual relations. *See Elden v. Sheldon,* 46 Cal.3d 267, 277 (1988) *citing Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 404-05 (1974).  The administrative claim forms submitted by Ms. Burkhart contain allegations concerning medical treatment received by David Burkhart ("the decedent").  Ms. Burkhart does not identify herself as the decedent's widow on her administrative claim forms and makes no reference to emotional suffering, the nature of any services lost, or other facts that would give notice of a loss of consortium claim.  (*See* Tokuyama Decl. ¶ 4, Ex. A).  Accordingly, Ms. Burkhart's loss of consortium claim should be dismissed for lack of subject matter jurisdiction.

### 2. Ms. Burkhart's Wrongful Death Claim Should be Dismissed Because the Decedents Heirs Have Not Been Joined

Ms. Burkhart's wrongful death claim should be dismissed for failure to name all necessary parties – decedent's children William M. Burkhart and Lisa A. Haran. (*See* FAC ¶ 10).  Rule 12(b)(7) provides that a claim may be dismissed for failure to join a party under Federal Rule of Civil Procedure ("Rule") 19.  Rule 19(a) defines those persons who should be joined if at all feasible, and includes an individual who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because

of the interest." "What constitutes an 'interest relating to the subject of the action' has not been clearly defined, although it has been suggested that this interest requirement be broadly construed in order to require joinder of all conditionally necessary parties." *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24, 29 (C.D. Cal. 1983); *see also Aguilar v. Los Angeles County*, 751 F.2d 1089 (9th Cir. 1985) (the interest requirement of Rule 19(a) is "not limited to a 'legal' interest, but one to be determined from a practical perspective, not through the adoption of strict legal definitions and technicalities.") (internal quotation marks and citation omitted).

In California, the wrongful death cause of action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and . . . damages awarded should be in a lump sum," and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. *Helling v. Lew*, 28 Cal.App.3d 434, 438 (1972). Thus, disposition of this action may, as a practical matter, impair or impede decedent's non-party children to protect their interest. In addition, failure to join the decedent's non-party children leaves defendant subject to the risk of later suits by reason of the children's interests. The Court's subject matter jurisdiction is based on the FTCA. Accordingly, joinder of decedent's children is feasible and would not defeat the court's jurisdiction over Ms. Burkhart's wrongful death claim.

### C. Survivor Claims By the Estate Should Be Dismissed

#### 1. The Court Lacks Subject Matter Jurisdiction Over Survivor Claims

The Court lacks subject matter jurisdiction over the Estate's survivor claims because these claims have not been properly exhausted. Unlike a cause of action for wrongful death, a survivor cause of action is not a new cause of action that vests in the heirs on the decedent's death. Rather, it is a separate cause of action that belonged to the decedent before death, but, by statute, survives that event. Cal. Civ. Proc. Code § 377.30; *Quiroz v. Seventh Avenue Ctr.*, 140 Cal. App. 4th 1256, 1265 (2006). The survivor claim may be asserted by the "decedent's personal representative, or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30.

FEDERAL DEFENDANT'S REPLY ISO  MOTION TO DISMISS
C07-5467 PJH                                                       5

1   Here, Ms. Burkhart alleges that she submitted an administrative claim form as the
2   administratrix of decedent's estate as well as on behalf of herself.  (FAC ¶ 25).  However, both of
3   the forms submitted by Ms. Burkhart list her claim as one for "wrongful death," and the amount
4   of that claim as "2-million."  (Tokuyama Decl. Ex. A).  Ms. Burkhart signed both forms as the
5   claimant.  (*Id*.).  Morever, although one form Ms. Burkhart lists "David Burkhart Sally" as the
6   claimant, and the other lists "David Burkhart" as the claimant, nothing in either form states a
7   value for the survivor claim, as distinguished from Ms. Burkhart's claim for wrongful death.
8   (*Id*.). *Cf. Gland*, 2003 WL 23094911 at *3-5 (holding that the plaintiff's administrative claim for
9   survivor action on behalf of estate failed to give notice of wrongful death and loss of consortium
10  claims even where plaintiff identified claimant as the decedent's estate, but nonetheless provided
11  estimates for both personal injury and wrongful death claims).  Moreover, nothing in the claim
12  states that Ms. Burkhart is filing as a representative of the estate, or identifies Ms. Burkhart's
13  relation to the decedent.  Accordingly, because no administrative claim for decedent's survivor
14  claim has been filed, the Court lacks subject matter jurisdiction over that claim.

15   **2. Ms. Burkhart Lacks Standing to Assert Survivor Claim**

16   Ms. Burkhart lacks standing to assert a survivor claim on behalf of the Estate.  California's
17  survival statute allows a successor in interest to bring a claim on behalf of the decedent when the
18  decedent does not have a personal representative.  Cal. Civ. Proc. Code § 377.30.  Ms. Burkhart
19  bears the burden of demonstrating that she meets California' requirements for bringing a survival
20  action. *Moreland v. Las Vegas Metro. Police Dep't.*, 159 F.3d 365, 369 (9th Cir. 1998).  In
21  California, a person seeking to file an action as decedent's successor in interest must file an
22  affidavit stating, among other things: (1) "No proceeding is now pending in California for
23  administration of the decedent's estate;" (2) If the decedent's estate was administered, a copy of
24  the final order showing the distribution of the decedent's cause of action to the successor in
25  interest; (3) either (A) "The affiant or declarant is the decedent's successor in interest (as defined
26  in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's
27  interest in the action or proceeding;" or (B) "The affiant or declarant is authorized to act on
28  behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code

FEDERAL DEFENDANT'S REPLY ISO  MOTION TO DISMISS
C07-5467 PJH                                   6

1 of Civil Procedure)[1] with respect to the decedent's interest in the action or proceeding;" and (4)
2 "No other person has a superior right to commence the action or proceeding or to be substituted
3 for the decedent in the pending action or proceeding." Cal. Civ. Proc. Code § 377.32.

4     Here, the FAC contains no allegations that Ms. Burkhart is the personal representative of the
5 decedent, nor any allegations addressing the information required in order to assert an action as a
6 successor in interest. *See* California Code of Civil Procedure § 377.32; *See Garcia v. Adams*,
7 No. F 04-5999, 2006 WL 403838, at *11-12 (E.D. Cal. Feb. 17, 2006) (dismissing survivor claim
8 where complaint lacked allegations that the plaintiff is the personal representative of decedent as
9 well as allegations addressing information required under California Code of Civil Procedure §
10 377.32 to show that plaintiff is decedent's successor in interest); *Dillard v. Curtis*, No. C
11 04-1449 PJH, 2004 U.S. Dist. Lexis 22926, *20-21 (N.D. Cal. 2004) (noting that although
12 California Code of Civil Procedure 377.32 is a rule of California, not federal procedure, "it
13 seems to set a minimum threshold below which a person claiming to be a 'successor in interest'
14 should not be permitted to slip"). Accordingly, the FAC does not sufficiently allege that Ms.
15 Burkhart has standing to pursue a survivor claim on behalf of the Estate.

16 **III.  CONCLUSION**

17     For the reasons stated above, defendant respectfully requests dismissal of Mr. Burkhart's
18 claims, Ms. Burkhart's loss of consortium claim, and the survival claim brought on behalf of
19 decedent's estate with prejudice. Defendant respectfully requests dismissal of Ms. Burkhart's
20 wrongful death claim with leave to amend.

21 DATED: July 23, 2008                                         Respectfully submitted,
22                                                                                JOSEPH P. RUSSONIELLO
                                                                               United States Attorney
23
24                                                                             /s/
                                                                              JENNIFER S WANG
                                                                              Assistant United States Attorney
25
26 _____

27 [1] California Code of Civil Procedure § 377.11 defines "successor in interest" as the
28 beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action.

DEFS' REPLY IN SUPP. OF MOT. TO DISMISS
C 08-2349 PJH                             7