SALLY BURKHART
On behalf of herself and as
Personal Representative of
The Estate of David Burkhart
483 Nottingham Way
Campbell, California 95008

David T. Burkhart
On behalf of himself
404 Ivy Lane
Pleasant Hill, CA 94523

**FILED**

.IN 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTATE OF DAVID BURKHART, | ) Case No.: C 07-5467 PJH<br>)<br>) **PLAINTIFFS' OPPOSITION TO**<br>) **MOTION TO DISMISS**<br>)<br>) Date: August 6, 2008<br>) Time: 9:00 a.m.<br>) Location: Courtroom 3, 17th Floor<br>)<br>) Honorable Phyllis J. Hamilton<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This lawsuit arises in response to the denial of a claim for damages filed with the U.S. Department of Veterans Affairs ("VA") in October 2005. The administrative procedures were followed by plaintiffs prior to the filing of this lawsuit. The preliminary litigation procedures included the filing of a Standard Form 95 entitled *Claim for Damage, Injury or Death* ("Standard Form") with the VA which included a description of the harm that was alleged to have been caused by the VA. The Standard Form provides for setting out claims in detail by completing a narrative in section 6 on the form. Section 6 also directs claimants to provide additional pages of descriptions of the claims if necessary. The Standard Form filed by the plaintiffs (See Exhibit A to the Declaration of Lelia K. Tokuyama in Support of Defendant's Motion to Dismiss "Tokuyama's Declaration") showed that section 6 of the Standard Form included a multiple line detailed description along with four additional pages of details setting out the injuries and harms caused by the VA.

Now the VA claims that because plaintiffs limited their claims by complying with filing the Standard Form this has precluded all of the parties as well as all of the claims raised by plaintiffs in this litigation.

Plaintiffs should not be limited in their rights and claims simply for complying with the administrative requirements as set out by the government.

### II.  ARGUMENT

#### A.  Claims by Decedent's Heirs Should Not Be Dismissed.

The VA claims that all claims by plaintiff David Burkhart should be dismissed because the related administrative claims have not been presented to the VA. (See Federal Defendant's Notice of Motion and Motion to Dismiss ("Defendant's Motion") at page 4.) However, the filed Standard Form signed by Sally Burkhart references the name *Dave Burkhart* in section 2 as claimant.

2

Further, the multiple page narrative submitted with the claim form that details The Decedent's problematic medical history with the VA also explains that "*We*" provided a nursing home for The Decedent . . . that was near "*our house*" . . . and "*We were never told*" by the VA about The Decedent' hospice care. When this descriptive language is taken into consideration along with the pages provided as Exhibit B to Tokuyama's Declaration that show plaintiff David Burkhart signed as son for the personal effects upon The Decedent's death it is clear that Sally Burkhart was not the sole care-giver or interested party in the claims for harm suffered by The Decedent.

Defendant had notice with the filing of the Standard Form that this action involved multiple parties and various claims.

The VA cites *Frantz v. United States,* 791 F. Supp. 445, 451 (D. Del. 1992) as authority that the administrative claim filed by a widow failed to provide adequate notice that the claim with the VA did not also assert the claims of adult children as claimants. However, in *Frantz v. United States,* 29 F.3d 222 (5th Cir. 1994) the court determined that the same administrative claim was adequate to provide notice to the VA to trigger an investigation to uncover additional liability went well beyond personal injury and wrongful death. It seems logical that the original claimant issues of the adult children should have been decided in that same way. Taking into account the Standard Form as it was filed in this matter the court can surely see that under this same line of reasoning the detailed narrative surely provides the VA with enough of a trigger to investigate the claims and conclude that interested family members were considered in the filing of the Standard Form.

Similarly the wrongful death claims brought by Sally Burkhart here on behalf of additional decedents have been triggered by enough notice provided on the Standard Form as filed in this action. Further, Sally Burkhart is in the process of completing the formal estate papers to provide this court with assurances that she has proper authority to make decisions on behalf of the estate. (See paragraph 3 to the Declaration of Sally Burkhart in Support of Plaintiffs' Opposition to Motion to Dismiss ("Sally Burkhart's Declaration")).

3

The Standard Form produced by the VA shows that the marital status of The Decedent was married which clearly provides enough information for the VA to determine that claims raised by the Standard Form most surely will include spousal and family claims that traditionally are raised through similar death and injury claims.

It does not seem appropriate for the VA to shield itself behind the strict form requirements to avoid traditional liability that are raised by the facts presented in plaintiffs' Standard Form filing.

### B. Ms. Burkhart Raised a Valid Loss of Consortium Claim

Again, the VA argues that the Standard Form fails to provide valid notice to the government for a loss of consortium claim. As discussed above, the Standard Form states in section 5 that The Decedent was married. If the VA determined it appropriate to provide a field on the Standard Form seeking marital status then it is certainly appropriate that the VA should be put on notice to expect a spousal claim concerning the harm addressed.

The court has determined that the VA has certain obligations to investigate the information provided on the Standard Form. By requiring a constrained rigid form for claimants to file the VA should be held to a heightened investigative responsibility. The VA must be required to at least read the information provided on the form filed by claimants. If the information is read then surely the VA must perform some responsible and diligent investigation that will result in a competent understanding of the claims.

On the Standard Form the detailed narrative provided by plaintiffs described the care that was provided to The Decedent while at home, as compared to the lack of care that was provided by the VA, as well as his marital status. It is clearly disingenuous for the VA to claim that the Standard Form does not identify Ms. Burkhart as the widow of The Decedent. (See page 9 of Federal Defendant's Notice of Motion and Motion to Dismiss). The Standard Form not only describes the injuries suffered by The Decedent from the VA but it also discusses family care he

4

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

received in contrast to the VA actions. Any shred of investigative analysis of the Standard Form narrative on the part of the VA should have determined that The Decedent had a relationship with his spouse as evident by his marital status and medical care. The tone of the detailed narrative description listing the lack of medical attention and care received from the VA is evidence of the emotional attachment of the claimants. The court has already determined that loss of consortium can be determined with minimal investigative effort from the claim form. *Elliot v. United States*, 13 F3d 1555 (1994).

### C. Survivor Claims Should Not Be Dismissed.

As discussed above, the Standard Form was signed by Sally Burkhart but the name in section 2 of the Standard Form included *Dave Burkhart* and the detailed narrative contained references that should have given the VA enough information that more than one person was considered as claimant involving the damages of the harm done to The Decedent. As stated in paragraph 3 of Sally Burkhart's Declaration she is in the process of obtaining the formal estate papers that will show this court that she has standing to represent the survivor claims of her adult children and The Decedent's estate. Those papers will be filed with the court as soon as they are available.

The court has previously determined that it is proper for a wife's Federal Tort Claims Act ("FTCA") lawsuit to include claims on behalf of her children. *Parker v. U.S.*, 611 F.2d 1007 (5th Cir. 1980). The court has even determined that it is appropriate for both parents of a child to sue for FTCA claims. *Whitley v. United States*, 170 F.3d 1061 (11th Cir. 1999). For this reason the claims brought by Sally Burkhart are appropriate as not unexpected by the VA.

The court should not dismiss the survivor claims as claimed by the VA.

### D. Plaintiffs Should Be Allowed To File A Corrected Amended Complaint

Over a number of months this past Spring plaintiff Sally Burkhart was in discussions with attorney Martin Martinez about serving as the legal representative for plaintiffs. (See paragraph 2

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

of Sally Burkhart's Declaration.) Mr. Martinez received medical documents and plaintiffs were waiting for Mr. Martinez to make a final determination about his services. The final determination was not completed before the due date of the First Amended Complaint as ordered by this court in response to the prior motion to dismiss.

Plaintiffs filed an erroneous First Amended Complaint that was incomplete and contained pages from the original complaint filed in this matter. (See paragraph 3 to Declaration of David Burkhart in Support of Plaintiffs' Opposition Motion to Dismiss ("David Burkhart's Declaration")). Due to computer errors and the unavailability of one of the plaintiffs that occurred on the date the First Amended Complaint was to be filed, a version of the First Amended Complaint was filed that did not address all of the requirements ordered by this court in response to the order issued at defendant's prior motion to dismiss. Given these unfortunate set of facts plaintiffs now request that any issues decided in favor of defendant's motion to dismiss should be granted with prejudice to allow plaintiffs to properly correct any deficiencies in the First Amended Complaint that should have been corrected had the filing been correct.

Executed on July 23, 2008 at San Francisco, California.

Sally Burkhart on by DB

Sally A. Burkhart, on behalf of herself and

as personal representative of the Estate of

David Burkhart

David T. Burkhart, on behalf of himself

6
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS