United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF DAVID BURKHART, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

No. C 07-5467 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

The motion of defendant United States of America to dismiss the above-entitled action came on for hearing before this court on August 6, 2008. Plaintiffs appeared in propria persona, and defendant appeared by its counsel Assistant United States Attorney Jennifer S. Wang. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part.

**BACKGROUND**

This is a case brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., arising from the death of David Burkhart ("decedent"), and alleging causes of action for medical malpractice, elder abuse, and negligence. Plaintiffs Sally A. Burkhart, decedent's widow, and David T. Burkhart, decedent's son, allege claims for wrongful death, and Sally Burkhart asserts survival claims on behalf of decedent's estate ("the

Estate").

Plaintiffs allege that decedent sought medical care at facilities operated by the United States Department of Veterans Affairs ("VA") for a number of years prior to his death. They assert that in September 2002, decedent was admitted to the VA hospital facility in Menlo Park, California, where he suffered an allergic reaction to medication and "cardiac arrest." Decedent was transported from Menlo Park to the VA hospital facility in Palo Alto, California, and then to a private nursing facility in San Jose, California. From the private nursing facility, he was transported to the Good Samaritan Hospital in San Jose, where he was admitted "in cardiac arrest."

At some point during the summer of 2003, decedent was again admitted to the VA hospital facility at Palo Alto, for about a week. He then returned to his home. Plaintiffs assert that in September 2003, decedent was driven to the VA hospital facility at Palo Alto "with medical concerns," but was refused admission. Three days later he returned to the Palo Alto facility and was admitted.

Plaintiffs allege that after decedent was examined, VA medical personnel told Sally Burkhart that decedent would not be allowed to stay in the hospital facility. According to plaintiffs, decedent was prescribed a sedative so that he could be transported to the VA facility at Livermore, California. Plaintiffs allege that decedent's condition deteriorated while he was at the Livermore facility, and that at some point, he was transferred to hospice care at the same facility.

On October 26, 2003, decedent was found dead in his bed at the Livermore facility. The death certificate lists the cause of death as "coronary artery disease" and "multi-infarct dementia," and lists "congestive heart failure, diabetes mellitus, hypertension, osteomyelitis" as conditions contributing to death.

On October 21, 2005, the VA received two Form 95 ("Claim for Damage, Injury, or Death") administrative claim forms claiming wrongful death, and seeking $2 million. The first Form 95 is dated October 11, 2005, and stamped with a "Received" date of October 19, 2005; and the second Form 95 is also dated October 11, 2005, but is stamped with a

"Received" date of October 21, 2005. On the first form, Block 2, "Name, Address of claimant and claimant's personal representative, if any" states "Dave Burkhart Sally." On the second form, Block 2 states "Dave Burkhart." On each of the two forms, Block 13a, "Signature of Claimant," bears the signature "Sally Burkhart." Plaintiffs allege that the claims were denied in April 2007.

On October 26, 2007, Sally Burkhart, claiming to be the personal representative of the Estate, filed the present action, alleging survival claims of medical malpractice, elder neglect, and negligence, against the VA. The United States moved to dismiss the VA from the action on the ground that the United States is the only proper defendant in a FTCA action. The motion was granted on May 14, 2008.

On June 4, 2008, plaintiffs filed the first amended complaint ("FAC"). Sally Burkhart and David Burkhart allege wrongful death claims, and Sally Burkhart alleges survival claims on behalf of the Estate. The United States now seeks an order dismissing the FAC for lack of subject matter jurisdiction, for failure to state a claim, and for failure to join necessary parties.

## DISCUSSION

A.   Legal Standards

Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In determining whether it has subject matter jurisdiction, the court is not limited to the allegations of the complaint. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2001). Rather, the court is permitted to look beyond the complaint to extrinsic evidence, and need not assume the truth of the plaintiff's allegations. Id.

3

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). All allegations of material fact are taken as true. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). However, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

Under Federal Rule of Civil Procedure 12(b)(7), a defendant may challenge the complaint's failure to join a party under Federal Rule of Civil Procedure 19. A Rule 12(b)(7) motion to dismiss for failure to join a party will be granted only if the court determines that joinder of the party is not possible, and that the party is, in fact "indispensable." Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992). To determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings. McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960); Behrens v. Donnelly, 236 F.R.D. 509, 512 (D. Haw. 2006).

B.     The United States' Motion

The United States argues that David Burkhart's claims should be dismissed for lack of subject matter jurisdiction and for failure to state a claim; that Sally Burkhart's claims should be dismissed for failure to join necessary parties and for lack of subject matter jurisdiction; and that the survival claims by the Estate should be dismissed for lack of subject matter jurisdiction.

    1.     David Burkhart's claims

        a.     Dismissal for lack of subject matter jurisdiction

The United States asserts that David Burkhart failed to submit an administrative claim to the VA prior to filing suit, and that his claims should be dismissed for lack of subject matter jurisdiction.

1    A district court has no subject matter jurisdiction over a tort claim brought under the
FTCA unless the plaintiff first presents a claim to the appropriate agency, and either the
claim is denied in writing, or six months pass without any response from the agency. 28
U.S.C. § 2675(a). The claim requirement is jurisdictional, and it thus "must be strictly
adhered to." Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992). This is particularly
so since the FTCA waives sovereign immunity. Any such waiver must be "strictly
construed in favor of the United States." Id.

The United States contends that the administrative claim filed by Sally Burkhart does
not provide the court with subject matter jurisdiction over David Burkhart's claims, as each
plaintiff is required to file an administrative claim as a prerequisite to filing suit. The United
States argues that because Sally Burkhart's administrative claims were submitted in her
own name, and contained no allegations that would have given the VA notice of David
Burkhart's claims, the claims did not provide the VA with adequate notice of David
Burkhart's own, separate, loss.

In opposition, plaintiffs assert that because the administrative claim form submitted
by Sally Burkhart referenced the name "Dave" in Block 2 ("Name, Address of claimant and
claimant's personal representative, if any"), it should be clear that David Burkhart was also
submitting a claim.

Plaintiffs also note that the multi-page narrative containing the allegations of
malpractice states that "We" provided a nursing home for decedent that was "near our
house" and that "We" were never told by the VA that decedent was transferred to hospice
care. Plaintiffs argue that when this use of "We" is added to the fact that David Burkhart
signed as "son" for decedent's personal effects, it is clear that Sally Burkhart was not the
sole caregiver and not the sole interested party in the claims for harm suffered by
decedent.[1]

It is plainly the intent of the FTCA that if there are multiple claimants, each claimant

---

[1] The court notes, however, that the singular pronoun "I" is used just as frequently in the narrative.

5

must individually satisfy the jurisdictional prerequisite of filing an administrative claim.  In Cadwalder v. United States, 45 F.3d 297 (9th Cir. 1995), the Ninth Circuit noted that "[t]he plain language of [28 U.S.C. §] 2675(a) requires "the claimant" to "first present the claim to the appropriate Federal agency." Id. at 301.  The court noted that it had previously ruled, in a 1984 case, that "section 2675(a) requires the claimant or his legal representative to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Id. (quoting Warren v. United States Dept. of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984) (en banc)).  The court held that the district court lacked subject matter jurisdiction over the claims of one of the plaintiffs in the civil action because neither that plaintiff nor its legal representative had filed an administrative claim prior to filing suit.  Id.

Several other Circuits have ruled that in actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing an administrative claim.  See Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008); Haceesa v. United States, 309 F.3d 722, 734 (10th Cir. 2002); Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993); Keene Corp. v. United States, 700 F.2d 836, 842 (2nd Cir. 1983).

It is generally recognized that Congress had two general purposes in enacting § 2675(a) – to ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims brought against it; and to provide for a more fair and equitable treatment of private individuals and claimants when they deal with the government or are involved in litigation with the government.  See Shipek v. United States, 752 F.2d 1352, 1354 (9th Cir. 1985).  These two purposes are served when the claim gives the agency sufficient notice to commence investigation, and the claimant places a value on the claim.  Id.

The Ninth Circuit has also concluded, however, that "Congress intended section 2675(a)'s notice requirement . . . to be minimal." Id. (citing Warren, 724 F.2d at 779); see also id. (citing Avery v. United States, 680 F.2d 608, 610 (9th Cir. 1982) ("a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain

6

representing damages, suffices to overcome an argument that jurisdiction is lacking")). There thus appears to be some tension between the rule that the FTCA's administrative claim requirement must be strictly construed, and the Ninth Circuit's determination that § 2675(a)'s notice requirement is "minimal."

At the hearing, plaintiffs clarified that it was their intent that the first Form 95, which lists "Dave Burkhart Sally" in Block 2 as the "Name of Claimant," was to serve as a claim by both David Burkhart and Sally Burkhart. Plaintiffs explained that the first claim form was intended as a joint claim by Sally Burkhart and David Burkart, on behalf of "the family," and that the second claim form was intended as a claim by the Estate.

The arguments made by the United States are based on a misconstruction of what was intended by plaintiffs when they filed the two claim forms. Neither the United States (nor, indeed, the court) read the first Form 95 as presenting claims by both Sally Burkhart and David Burkhart, and the second Form 95 as presenting a claim by decedent's Estate. The confusion was compounded by the fact that both decedent and his son are "David Burkhart," and also by the fact that Sally Burkhart signed both forms.

While the court cannot find that the first Form 95, which lists "Dave Burkhart Sally" as claimant(s), was objectively sufficient to put the United States on notice of the injury claimed by David Burkhart, or to enable the agency to begin its own investigation, the court does find that David Burkhart should be deemed to have submitted a claim, in light of plaintiff's explanation at the hearing. Remanding the claim to the VA for investigation would be futile, as the VA has already denied the claim which it believed was submitted by Sally Burkhart alone. The court finds, for purposes of the jurisdictional issue only, that the first Form 95 sufficiently identifies the claim as a wrongful death claim, brought by Sally Burkhart and David Burkhart.

However, other questions that might have a bearing on the court's jurisdiction remain unanswered. These are, first, whether Sally Burkhart was obligated to state on the Form 95 that she was authorized to sign on David Burkhart's behalf; and second, whether plaintiffs met the "sum certain damages claim" requirement, in view of the fact that only the

7

single lump sum amount of $2 million was entered in Block 12d ("Total" amount of claim).[2]

The United States has not addressed these issues, and the court does not decide them here. The court finds that the motion to dismiss David Burkhart's wrongful death claim for lack of subject matter jurisdiction should be DENIED. However, the court also finds that the United States should be permitted to again move to dismiss David Burkhart's claims for lack of subject matter jurisdiction, in view of the new understanding of what those claims are. In the course of its renewed motion, the United States should also address the questions identified by the court, above.

          b.     Dismissal for failure to state a claim

The United States also contends that David Burkhart fails to state a claim for loss of consortium, because there is no cause of action for parental loss of consortium in California. Plaintiffs do not directly respond to this argument.

It is true that there is no cause of action for parental consortium under California law. Borer v. American Airlines, Inc., 19 Cal. 3d 441 (1977). In this case, however, plaintiffs do not allege a separate cause of action for loss of either parental or spousal consortium.[3] Rather, they allege in each of the three causes of action that "[d]ecedent's immediate family suffered a loss of consortium and companionship as a direct result of the decline in health and resulting death of defendant." FAC ¶¶ 29, 35, 42. The prayer for relief also seeks "damages suffered by [d]ecedent's immediate family for loss of consortium and companionship according to proof."

In California, a wrongful death plaintiff may recover two categories of damages –

---

[2] An additional question is whether the wrongful death claim is time-barred. Plaintiffs allege in the FAC that the VA denied the administrative claims in April 2007. The FAC, which asserted the wrongful death claims for the first time, was filed in June 2008. Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

[3] Moreover, a loss-of-consortium claim is generally brought in the context of a personal injury action, not a wrongful death action. See, e.g., Krouse v. Graham, 19 Cal. 3d 59, 68-70 (1977).

1  economic and non-economic. Quiroz v. Seventh Ave. Center, 140 Cal. App. 4th 1256,
2  1264 n.2 (2006). Non-economic damages include the loss of, for example, the decedent's
3  "love, companionship, comfort, care, assistance, protection, affection, society, [and] moral
4  support." Id. (quoting CACI No. 3921).

5  Because plaintiffs are permitted to seek what is akin to loss-of-consortium damages
6  as part of their wrongful death claims, the court finds that the motion must be DENIED.

7        2.     Sally Burkhart's claims

8            a.     Dismissal for failure to join parties under Rule 19

9  The United States argues that the wrongful death claims should be dismissed
10 because decedent's heirs have not all been joined. In addition to David Burkhart, decedent
11 is survived by two other adult children – William B. Burkhart and Lisa A. Haran.

12 In a motion to dismiss for failure to join a party under Rule 19, the court must find
13 that the absent person is necessary as a "person to be joined if feasible" under Rule
14 19(a)(1) and (2). Schnabel v. Lui, 302 F.3d 1023, 1029-30 (9th Cir. 2002). Although Rule
15 19 no longer uses either "necessary" or "indispensable" to define those who should or must
16 be joined under the terms of the rule, those terms remain as terms of art used by the courts
17 and commentators. In general, "necessary" refers to a party that should be joined if
18 feasible. "Indispensable" refers to a party whose participation is so important to the
19 resolution of the case that, if the party is not joined, the suit must be dismissed.
20 See Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 867 n.5
21 (9th Cir. 2004).

22 When considering whether to dismiss an action for failure to join a purportedly
23 indispensable party, the court must follow the three-step process set forth in Rule 19. The
24 court must first determine whether the absent party is "necessary." If the absent party is
25 "necessary," the court must determine whether joinder is "feasible." Finally, if joinder is not
26 "feasible," the court must decide whether the absent party is "indispensable," i.e., whether
27 in "equity and good conscience" the action can continue without the party. U.S. v. Bowen,
28 172 F.3d 682, 688 (9th Cir. 1999) (citing Fed. R. Civ. P. 19).

A party is "necessary" either when the absence of the party would preclude the district court from fashioning complete and meaningful relief as between the parties, or when the absent party's participation is necessary to protect its legally cognizable interests or to protect existing parties from a significant risk of incurring multiple or inconsistent obligations because of those interests. See Fed. R. Civ. P. 19(a)(1), (2)(i) & (ii); see also Schnabel, 302 F.3d at 1029-30; Yellowstone County v. Pease, 96 F.3d 1169, 1172 (9th Cir. 1996). These two grounds must be analyzed separately, and if either applies, the party is deemed "necessary." Yellowstone, 96 F.3d at 1172.

If a party is "necessary" and cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Factors for the court to consider include the extent to which a judgment rendered in the person's absence might prejudice that party or existing parties; the extent that such prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief or other measures; whether judgment rendered in the person's absence would be adequate; and whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Id.

Under California law, a cause of action for wrongful death is a statutory claim. Cal. Civ. P. Code §§ 377.60-377.62. Its purpose is to compensate specific persons – that is, heirs – for the loss of companionship and other losses suffered as a result of a decedent's death. Jackson v. Fitzgibbons, 127 Cal. App. 4th 329, 335 (2005). Only the persons enumerated in § 377.60 have standing to assert a wrongful death claim. Section 377.60 provides in part that

> [a] cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons . . . who would be entitled to the property of the decedent by intestate succession.

Cal. Civ. P. Code § 377.60(a). Each child has a personal and separate cause of action, and a separate rather than joint interest. Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801,

10

806-07 (1997).

However, the wrongful death cause of action is considered joint and indivisible because "it is subject to the requirement that all heirs should join in the action and . . . damages awarded should be in a lump sum," and because it precludes omitted heirs from bringing subsequent and individual actions for the recovery of their individual damages. Helling v. Lew, 28 Cal. App. 3d 434, 438 (1972). An heir who files a wrongful death action is required to properly join all known heirs in the action. Cross v. Pacific Gas & Elec. Co., 60 Cal. 2d 690, 692-93 (1964); Ruttenberg, 53 Cal. App. 4th at 808.

Thus, the United States argues, disposition of this action may, as a practical matter, impair or impede decedent's non-party children William B. Burkhart and Lisa A. Haran from protecting their interest, or may leave the United States subject to a risk of multiple or otherwise inconsistent obligations by reason of the children's interest.

The United States concedes that William B. Burkhart and Lisa A. Haran did not timely file an administrative claim related to decedent's death, and cannot, because the FTCA statute of limitations has run; but argues that until they are joined as parties to this action, a determination of whether they are barred from asserting a wrongful death claim cannot be made, leaving defendant and the court susceptible to multiple lawsuits on the same cause of action.

The United States appears to be asserting that because omitted heirs are "necessary parties" under California law, all decedent's children must be joined in this action; but that because William B. Burkhart and Lisa A. Haran failed to file a timely administrative claim, the court would not have jurisdiction over them if they were joined, and thus, the wrongful death claim asserted by Sally Burkhart must be dismissed.

In opposition, plaintiffs contend that the wrongful death claims brought by Sally Burkhart on behalf of decedent's family "have been triggered by enough notice provided on the Standard Form as filed in this action." They also assert that Sally Burkhart "is in the process of completing the formal estate papers to provide this court with assurances that she has the proper authority to make decisions on behalf of the estate."

11

The motion to dismiss the wrongful death claim for failure to join a necessary party is DENIED. As indicated above, under Rule 19(a)(1), a party is necessary either if complete relief is not possible without the absent party's presence, or if the absent party claims a legally protected interest in the action. Ordinarily in a wrongful death action brought under California law, all heirs must join, and complete relief is not possible without the presence of all the heirs. Thus, the missing heirs may be considered necessary.

However, joinder is not feasible. The two absent heirs cannot file wrongful death claims against the United States, because they did not submit administrative claims within two years of decedent's death. Thus, the court must consider whether the missing heirs are indispensable – whether in equity and good conscience the action can continue without the missing heirs. Fed. R. Civ. P. 19(b).

Factors for the court to consider under Rule 19(b) include the extent to which a judgment rendered in the person's absence might prejudice that party or existing parties; the extent that such prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; whether judgment rendered in the person's absence would be adequate; and whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Id.

Here, the missing heirs are not eligible for relief, and if any relief is to be awarded, it could go only to Sally Burkhart and David Burkhart, who filed timely administrative claims and the present lawsuit. Similarly, the missing heirs cannot claim an interest in the action. Thus, a judgment rendered in their absence would not prejudice them or the existing plaintiffs, and the absence of the missing heirs would not prevent the court from fashioning meaningful relief.

          b.      Dismissal for lack of subject matter jurisdiction

The United States argues that the court lacks subject matter jurisdiction over Sally Burkhart's claim of loss of consortium, because she failed to exhaust administrative remedies. The Form 95 filed jointly by Sally Burkhart and David Burkhart, and signed by Sally Burkhart, describes the injury in Block 10 as follows: "Veteran death resulted by

misdiagnosed medical treatment and lack of." The United States notes that the focus in the accompanying narrative is entirely on the assertions that decedent was prescribed the wrong medication, that he was not admitted to the hospital when the family first requested it, that his insulin levels were not checked sufficiently often, and that he was ultimately moved into the hospice and was not provided adequate medical treatment after that point.

The United States asserts that these allegations are not sufficient to provide adequate notice of a claim of loss of consortium, particularly given that Ms. Burkhart does not identify herself as decedent's widow, and does not mention emotional distress. Thus, the United States contends, Sally Burkhart failed to exhaust administrative remedies as to her claim of loss of consortium.

The motion to dismiss Sally Burkhart's claim of loss of consortium is DENIED. As noted above with regard to the motion to dismiss David Burkhart's claim of loss of consortium, the FAC does not plead a separate cause of action for loss of consortium, and non-economic damages for loss of consortium are available in wrongful death actions under California law. The Form 95 requests the claimant to state the amount of the monetary claim, but does not request information regarding non-economic damages. Non-economic damages are available in FTCA cases alleging medical malpractice. See Schwarder v. United States, 974 F.2d 1118, 1125 (9th Cir. 1992).

3.   Survival claims by decedent's Estate

Finally, the United States argues that the survival claims by the Estate should be dismissed for lack of subject matter jurisdiction, for two reasons. The United States contends that the survival claims were not properly exhausted, and also asserts that Sally Burkhart lacks standing to bring the survival claims.

  a.   Dismissal for lack of subject matter jurisdiction – failure to exhaust

The United States argues that the survival claims must be dismissed because Sally Burkhart did not file a separate administrative claim on behalf of the Estate. The United States asserts that nothing in either Form 95 states a value for the survival claim, as distinguished from the claim for wrongful death; and nothing states that Sally Burkhart is

13

filing as a representative of the Estate, or identifies Ms. Burkhart's relationship to decedent. Accordingly, the United States contends, because no administrative claim for decedent's survival claims has been filed, the court lacks subject matter jurisdiction.

At the hearing, plaintiffs clarified that they intended the Form 95 that listed "Dave Burkhart" as the claimant to serve as the survival claim on behalf of the Estate. It is true that Sally Burkhart did not identify herself as the personal representative of the Estate or as decedent's successor in interest when she signed the form. Nevertheless, the court finds that the Form 95 adequately provided notice of the Estate's claim. Accordingly, the motion is DENIED.

     b.  Dismissal for lack of subject matter jurisdiction – lack of standing

The United States argues that Sally Burkhart lacks standing to assert the survival claims on behalf of the Estate, contending that the FAC fails to allege that she is decedent's personal representative, and fails to allege any of the facts required to be stated in order to assert an action as a decedent's successor in interest.

Under California law, "survival actions" are distinguished from "wrongful death" actions. As explained above, a wrongful death action is an independent claim brought by a decedent's heirs for damages they personally suffered on account of the death. See Cal. Civ. P. Code § 377.60. A survival action, on the other hand, is not a new cause of action that vests in the heirs on the death of the decedent. Rather, it is a separate and distinct personal injury action that belonged to the decedent before death, but which, by statute, "survives" to the decedent's estate for the purpose of recovering damages that would have been available personally to the decedent had he or she lived. Quiroz, 140 Cal. App. 4th at 1264; see Cal. Civ. P. Code § 377.20.

"A cause of action that survives the death of the person entitled to commence [it] . . . may be commenced by the decedent's personal representative, or, if none, by the decedent's successor in interest." Cal. Civ. P. Code § 377.30. The California Probate Code defines "personal representative" as "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator

14

acting pursuant to [Probate Code] section 7660, or a person who performs substantially the same function of another jurisdiction governing the person's status."  Cal. Probate Code § 58(a).

The "decedent's successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of property that is the subject of a cause of action."  Cal. Civ. P. Code § 377.11.  The "successor in interest" may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law.  Cal. Civ. P. Code §§ 377.30, 377.32; Tatum v. City and County of San Francisco, 441 F.3d 1090, 1094 (9th Cir. 2006).

A person seeking to file an action as a decedent's successor in interest must attest to certain facts showing that the person is in fact the decedent's successor in interest.  Cal. Civ. P. Code § 377.32.  The proposed "successor in interest" must execute and file an affidavit or declaration under penalty of perjury, stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent.  Id.  In addition, the declarant must attach a certified copy of the death certificate; if the decedent's estate was administered, the declarant must also produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest.  Id.

The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the state's requirements for bringing a survival action."  Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998).

Here, Sally Burkhart alleges in the FAC that she submitted an administrative claim as the administrator of the Estate, as well as on behalf of herself.  FAC ¶ 25.  At the

15

1  hearing, she conceded that she has not yet been appointed decedent's personal
2  representative by the Superior Court of California.  She indicated that she was in the
3  process of obtaining "formal estate papers" that will show that she has standing to
4  represent the survival claims.

5  As noted above, California's survival statute allows a successor in interest to bring a
6  claim on behalf of the decedent when the decedent does not have a personal
7  representative.  However, Sally Burkhart has also not filed the declaration required under
8  Civil Procedure Code § 337.32 to establish her right to proceed as decedent's successor in
9  interest.

10  The issue before the court is whether Sally Burkhart may assert claims on behalf of
11  the Estate.  Her ability to assert claims on behalf of the Estate is not a question of standing.
12  In order to establish standing to sue, a plaintiff must show "injury in fact," causation, and
13  redressability.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  According to
14  the allegations in the FAC, the Estate can show a direct injury traceable to the alleged
15  negligent medical treatment.

16  The question whether Sally Burkhart has the ability to assert claims on behalf of the
17  Estate involves the determination whether she has the capacity to bring suit as a
18  representative.  See generally Wright, Miller & Kane, Federal Practice and Procedure: Civil
19  2d (1990 & 2007 Supp.) §§ 1542-1544.  Lack of capacity to sue is not a jurisdictional
20  defect.  See De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 & n.4 (9th Cir.
21  2000).  Therefore, unless the objection is properly raised, the court may proceed to
22  adjudicate the case notwithstanding this defect.  Schwarzer, Tashima & Wagstaffe, Federal
23  Civil Procedure Before Trial (2008) § 7:50.

24  Here, the United States has not specifically challenged Sally Burkhart's capacity to
25  bring this action on behalf of the Estate.  However, the court will interpret the arguments
26  regarding lack of standing as arguments regarding lack of capacity.  Ordinarily, if a plaintiff
27  has failed to allege capacity to sue, the court would grant the motion to dismiss, with leave
28  to amend.  Rather than directing plaintiffs to file a second amended complaint at this point,

1  however, the court orders Sally Burkhart to file a declaration establishing that she has the
2  capacity to proceed on behalf of the Estate.

### CONCLUSION

The United States' motion is DENIED, with the exception of the motion to dismiss the Estate's survival claim for lack of standing, which the court interprets as a motion to dismiss for lack of capacity to sue. That motion is GRANTED.

No later than September 17, 2008, Sally Burkhart shall file a declaration under penalty of perjury, establishing capacity to sue on behalf of the Estate. The declaration must either attach documents from the Superior Court showing that she has been appointed decedent's personal representative, or it must include the information required under Civil Procedure Code § 377.32, as detailed above.

No later than three weeks following the filing of the declaration by Sally Burkhart, the United States may, if it wishes, file a second motion to dismiss, addressing any perceived deficiencies in the showing of capacity to sue, and also addressing (with citations to authority) the questions raised by the court regarding Sally Burkhart's authority to sign the Form 95 on David Burkhart's behalf, and regarding whether plaintiffs met the "sum certain damages claim" requirement and whether the wrongful death claims are time-barred.

**IT IS SO ORDERED.**

Dated: August 26, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge